In re DURABILITY, INC., Debtor.

James R. ADELMAN, Trustee,

v.

FOURTH NATIONAL BANK AND TRUST COMPANY, N.A., OF TULSA, OK, Appellee,

Fred I. Palmer, Sr., Appellant.

No. 88–2186.

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1990.

---

Steven M. Harris of Doyle & Harris, Tulsa, Okl., for appellant.

Thomas E. English, C. Bruce Jones, and Carol Wood of English, Jones & Faulkner, Tulsa, Okl., for appellee.

Before MOORE, BARRETT, and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Fred I. Palmer, Sr. (Palmer), president and creditor of debtor, Durability, Inc., appeals from a district court order affirming an order of the bankruptcy court holding Palmer's $500,000 claim against debtor subordinate to a $1,618,331.80 claim asserted by Fourth National Bank and Trust Co. of Tulsa, Oklahoma (FNB). Palmer and FNB are the named defendants in this adversary proceeding brought by the trustee to determine the validity, priority, and extent of defendants' liens, as well as to avoid certain allegedly fraudulent transfers. We do not, at this time, reach the merits of the issues raised by Palmer, because we hold that our jurisdiction over this premature appeal has not yet been established. *See Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988) (recognizing federal court's duty to determine matter of its own jurisdiction *sua sponte* whenever it becomes apparent that jurisdiction may be lacking), *cert. denied,* —— U.S. ——, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989); *see, e.g., In re Watson,* 884 F.2d 879, 879–80 (5th Cir.1989) (same principle applied where bankruptcy appellate jurisdiction under 28 U.S.C. § 158(d) is questioned).

In the bankruptcy context, the provisions of 28 U.S.C. § 158(d) "limit the jurisdiction of the courts of appeals to reviewing final orders from the district court." *In re Commercial Contractors, Inc.,* 771 F.2d 1373, 1374 (10th Cir.1985). Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *McKinney v. Gannett Co.,* 694 F.2d 1240, 1246 (10th Cir.1982), quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Under Bankr.R. 7054(a), which incorporates the established approach to civil judgment finality reflected in Fed.R.Civ.P. 54(a)-(c), *see, e.g., In re Wood & Locker, Inc.,* 868 F.2d 139, 142–43 (5th Cir.1989); *In re White Beauty View, Inc.,* 841 F.2d 524, 526–27 (3d Cir.1988), an order that adjudicates fewer than all asserted claims or the

rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties. The courts have recognized, however, that the appropriate "judicial unit" for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition. *See, e.g., In re Moody,* 825 F.2d 81, 85 (5th Cir.1987); *In re White Beauty View, Inc.,* 841 F.2d at 526; *In re Charter Co.,* 778 F.2d 617, 621 (11th Cir.1985); *see also Tringali v. Hathaway Mach. Co.,* 796 F.2d 553, 558 (1st Cir.1986). Thus, our jurisdictional inquiry here focuses on the dispositional status of the matters comprising the trustee's adversary complaint.

■ The bankruptcy court's order did not resolve all of the matters pursued by the trustee or otherwise terminate this adversary proceeding on the merits. It merely granted FNB's motion for partial summary judgment regarding the priority of FNB's claim in relation to Palmer's. While § 158(a) expressly permits the district court to entertain an appeal from such a nonfinal order, § 158(d) does not likewise grant the court of appeals jurisdiction to review, in turn, the district court's interlocutory appellate decision. *See In re Cottrell,* 876 F.2d 540, 541 (6th Cir.1989); *In re Delta Servs. Indus.,* 782 F.2d 1267, 1268–69 (5th Cir.1986); *In re Stable Mews Assocs.,* 778 F.2d 121, 122 (2d Cir.1985). There are, of course, circumstances in which an interlocutory appellate decision by the district court may "cure" a finality problem by effecting its own final disposition of the underlying adversary proceeding, as, for example, where a bankruptcy court's denial of a motion to dismiss is reversed by the district court. *See In re Cottrell,* 876 F.2d at 541; *In re Phillips,* 844 F.2d 230, 234–35 (5th Cir.1988); *see, e.g., Boise City Farmers Co-op. v. Palmer,* 780 F.2d 860, 862–63, 864–65 (10th Cir. 1985). But the case before us does not present such a situation. Therefore, we cannot at this time exercise jurisdiction over Palmer's appeal.

■ We do not, however, consider immediate summary dismissal of this appeal necessary or appropriate. Outside the bankruptcy setting, this court has held that otherwise ineffective interlocutory appeals may be saved if, subsequent to the filing of the premature notice of appeal, the district court either finally disposes of the remainder of the case or follows the Rule 54(b) procedure for entry of final judgment on the particular matters theretofore appealed. *See Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir.1988). Thus, where, as here, this court recognizes a premature appeal problem prior to final adjudication of the underlying action in the trial court, the appellant is notified and given a date certain by which to secure and present to this court one of the two alternative dispositions mentioned above, or face summary dismissal of the appeal. *Id.* at 645–46. Since Bankr.R. 7054(a) affords the bankruptcy court, as trial court in core proceedings, the same procedural mechanism ordinarily available to the district court, as trial court in most civil matters, under Rule 54(b), *see In re Wood & Locker, Inc.,* 868 F.2d at 142–43; *In re White Beauty View, Inc.,* 841 F.2d at 526–27, we see no reason not to adopt the *Lewis* decision as controlling in the present setting as well.

Accordingly, we grant appellant Palmer thirty days from the date of this order in which to secure from the bankruptcy court and present to this court either the determination and direction called for by Rule 54(b) or an order or judgment explicitly reflecting the adjudication of all remaining claims in this adversary proceeding. Failure to do so will result in summary dismissal of this appeal for lack of appellate jurisdiction.