956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Rainsford J. WINSLOW and Winifred W. Winslow, Debtors.
Rainsford J. WINSLOW and Winifred W. Winslow, Appellants,
v.
C. Gail HUNTER, Trustee, Appellee.
 No. 91-1239.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Rainsford J. Winslow and Winifred W. Winslow appeal from a judgment of the district court, affirming a judgment of the bankruptcy court imposing sanctions on the Winslows pursuant to Bank.R. 9011 in the amount of $825 for attorneys fees, and $47.76 for out-of-pocket expenses. The sanctions were imposed because of a frivolous objection by the Winslows to the employment of the law firm of Solomon & Lindquist-Kleissler to serve as counsel to the Trustee, C. Gail Hunter.
 
 
 3
 The chronology and development of the underlying proceedings raises questions. The bankruptcy court's "Order for the Payment of Sanctions" was filed on October 30, 1990. R. Vol. I at tab 552. The judgment entered on that order was filed on October 31, 1990. Id. at tab 553. On November 2, 1990, the bankruptcy court entered its "Order on Miscellaneous Matters" addressing a variety of aberrational pleadings filed by the Winslows. Id. at tab 568. Also on November 2, 1990, the bankruptcy court issued six additional orders regarding various filings by the Winslows. Id. at tabs 569, 570, 571, 572, 575, and 576. One of those orders, tab 572, was a denial of the Winslows' apparent motion for reconsideration of the sanctions award. Another order, tab 575, denied one of the Winslows' continuous motions to disqualify the bankruptcy judge. On November 9, 1990, (The date is uncertain. One document filed by the Winslows in the form of a Notice of Appeal is dated November 10, 1990) the Winslows filed a Notice of Appeal in which they purported to appeal "from all orders issued by Judge Matheson on 2 Nov 90." Id. at tab 585c.
 
 
 4
 The district court only addressed the merits of the appointment of the law firm, and the sanctions award against the Winslows. On April 22, 1991, the district court affirmed the bankruptcy court in those particulars and stated that "other issues going to the alleged bias of the bankruptcy judge and his criminal liability for removing certain documents from Winslow's bankruptcy files ... have no relation to the questions before me in this appeal and will not be considered." R.Vol. II, tab 27 at 2-3. Judgment on the district court's order affirming the bankruptcy court was filed on April 23, 1991. Id. at tab 28.
 
 
 5
 Thereafter, on May 9, 1991, the Winslows filed an apparently untimely motion to alter and amend the court's judgment, pursuant to Fed.R.Civ.P. 59(e). The district court addressed that motion and denied it on June 3, 1991. On June 12, 1991, the Winslows filed a second motion for reconsideration and/or to alter and amend pursuant to Fed.R.Civ.P. 59(e). Id. at tab 35. On June 18, 1991, that successive motion for relief pursuant to Fed.R.Civ.P. 59(e) was also denied by the district court in a minute order in which the district court advised the Winslows to "refrain from filing repetitive motions for reconsideration or to alter or amend." Id. at tab 36.
 
 
 6
 On July 2, 1991, the Winslows filed a notice of appeal which states as follows: "COME NOW Rainsford J. Winslow and Winifred W. Winslow giving NOTICE OF APPEAL to the instant case. This case has to do with an attorney fee award of approximately $875 against Winslows ORDERED paid to the firm of Solomon & Lindquist-Kleissler." Id. at tab 37. It appears, therefore, that the only issue which has been placed before us is that relating to the district court's affirmance of the imposition of sanctions by the bankruptcy court (or more particularly, the district court's denial of the Winslows' successive motions for reconsideration of the order of affirmance). Accordingly, we decline to address the various other issues raised by the Winslows in their brief on appeal.[1]
 
 
 7
 Turning to the sanctions issue on appeal, we conclude that the appeal of that issue is premature and must be dismissed. In a bankruptcy case, the provisions of 28 U.S.C. § 158(d) "limit the jurisdiction of the courts of appeals to reviewing final orders from the district court." In re Durability, Inc., 893 F.2d 264, 265 (10th Cir.1990) (quoting In re Commercial Contractors, Inc., 771 F.2d 1373, 1374 (10th Cir.1985)). This court has interpreted the "final order" requirement of section 158(d) in traditional finality terms. See In re Magic Circle Energy Corp., 889 F.2d 950, 953 (10th Cir.1989). Since the district court order appealed herein simply affirmed the bankruptcy court's decision, we have jurisdiction only if the latter may be deemed final for purposes of section 158(d). See Matter International Horizons, Inc., 689 F.2d 996, 1000 (11th Cir.1982); see also In re Durability, Inc., 893 F.2d at 266 (while nonfinal bankruptcy court order may properly be subject of interlocutory appeal to district court pursuant to section 158(a), where district court's subsequent appellate ruling does not alter nonfinal character of disposition, court of appeals lacks jurisdiction to review matter under section 158(d)).
 
 
 8
 "We have held that generally parties and attorneys sanctioned during litigation 'must bear the burden of sanctions to the conclusion of the case and appeal on the merits of a fully adjudicated case.' " Dodd Ins. Servs. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1154 n. 1 (10th Cir.1991) (quoting D & H Marketers, Inc. v. Freedom Oil & Gas, 744 F.2d 1443, 1446 (10th Cir.1984) (en banc)). Since the appointment of counsel for the trustee, and sanctions with respect to a frivolous objection to that appointment, clearly constitute interlocutory matters, the Winslows may only appeal those sanctions at the conclusion of their bankruptcy case. In the alternative, however, if we did have jurisdiction over this appeal, and we reached the merits of the sanctions issue, we would affirm the district court on the grounds and for the reasons stated in the district court's Memorandum Opinion and Order dated April 22, 1991. R.Vol. II at tab 27.
 
 
 9
 The Winslows have violated Tenth Cir.Rule 10.2.4 by designating nonessential materials in the record on appeal. The record on appeal consists of two volumes with 83 separate tabs and literally hundreds of pages of materials not germane to the issue which the Winslows themselves identified and designated in their notice of appeal. Furthermore, the nonessential materials repeat contentions which are no longer open to litigation in any forum. In this regard we note that the Winslows have been before this court at least nine times previously.[2] The Winslows have been permitted to proceed in forma pauperis. Abuses of that privilege, and of the litigating process, may result in the imposition of sanctions by this court. See In re Sindram, 111 S.Ct. 596, (1991), reh'g denied, 111 S.Ct. 1029 (1991); In re McDonald, 109 S.Ct. 993 (1989); Lonsdale v. United States, 919 F.2d 1440 (10th Cir.1990); Christensen v. Ward, 916 F.2d 1462 (10th Cir.1990) cert. denied, 111 S.Ct. 559 (1990); Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989); In re Davis, 878 F.2d 211, 212 (7th Cir.1989); Moon v. Newsome, 863 F.2d 835, 838 (11th Cir.1989) cert. denied, 493 U.S. 863 (1989); Cotner v. Hopkins, 795 F.2d 900 (10th Cir.1986); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986).
 
 
 10
 For the reasons stated above, the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 One of those issues relates to the Winslows' many motions to recuse the bankruptcy court judge. As indicated above, the district court did not address that matter on the merits. However, even if it had, such an issue is interlocutory and may not be appealed to this court until the conclusion of the case in bankruptcy. See, e.g., United States v. Yonkers Bd. of Educ., 946 F.2d 180, 183 (2d Cir.1991) ("[A]n order denying a motion to recuse is not appealable as a final judgment...."). And, even if we were to reach the merits we would affirm the orders denying the motions to recuse
 Finally, for the Winslows' benefit, we note that all of the other matters addressed in the November 2, 1990, orders of the bankruptcy court referred to above, are also interlocutory and any decision of the district court as to those matters would not be appealable to this court until the conclusion of the bankruptcy proceedings.
 
 
 [2]
 87-2271, Winslow v. MacFarlane; 87-2871, Winslow v. Coyte; 88-1231, Winslow v. Shinn; 88-2864, Winslow v. Morgan County Comm.; 90-1179, Winslow v. Morgan County; 91-597, Winslow v. Matsch; 91-605, Winslow v. Matheson; 91-661, Winslow v. Kane; 91-1047, Winslow v. Morgan County