37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Doyle Kent KING, Petitioner-Appellant,
v.
Ron CHAMPION, Attorney General, Respondents-Appellees.
 No. 93-5192.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1994.
 
 Before BRORBY, LOGAN and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Doyle Kent King appeals the district court's order of August 9, 1993, denying petitioner habeas relief, pursuant to 28 U.S.C. 2254, on his claim that state court delay in adjudicating his direct criminal appeal violated his federal due process rights. As an initial matter, we must examine our jurisdiction to hear this appeal. See McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989) (holding that appellate court has duty to examine its jurisdiction sua sponte). Based upon our examination, we conclude that we lack jurisdiction over this appeal.
 
 
 3
 Petitioner filed his habeas petition in the district court in February 1992, raising three grounds for relief.[2] The first ground concerned the state court's delay in adjudicating his direct criminal appeal, while the other two grounds concerned errors allegedly committed by the trial court. The district court order at issue here disposed of only petitioner's first claim for relief. The order did not address petitioner's other claims for relief, and a review of the district court's docket sheet shows that those claims are still pending before the district court.
 
 
 4
 Pursuant to 28 U.S.C. 1291, we have jurisdiction to review only final decisions of district courts. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). An order, such as the one before us, that adjudicates fewer than all the claims raised, and does not contain an express determination that there is no just reason for delay, is not a final, appealable order. See Atiya v. Salt Lake County, 988 F.2d 1013, 1016 (10th Cir.1993).
 
 
 5
 Although we usually give a civil litigant an opportunity to cure a notice of appeal from a nonfinal order by obtaining either a final judgment disposing of all the remaining claims, or a Fed.R.Civ.P. 54(b) certification from the district court, Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.), 893 F.2d 264, 266 (10th Cir.1990), such a course does not appear to be appropriate here. We note that petitioner has filed a motion in the district court seeking to withdraw his remaining habeas claims so that he may exhaust other trial-related claims in the state court before bringing a single habeas action incorporating all his claims.[3] If petitioner were to withdraw only his trial-related claims and to proceed with his claim based on appellate delay, he might encounter problems with Rule 9 of the Rules Governing Section 2254 Cases, concerning successive petitions, when he subsequently attempted to bring his trial-related claims in district court. See Rose v. Lundy, 455 U.S. 509, 520-21 (1982). To avoid any Rule 9 problems, petitioner would have to withdraw all of his claims, including his claim based on delay in adjudicating his direct criminal appeal.
 
 
 6
 Because the order at issue on appeal is not a final, appealable order, we hereby dismiss petitioner's appeal for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 To aid in our consideration of this appeal, we have sua sponte supplemented the record on appeal with a copy of petitioner's habeas petition, with attachments, filed in the district court on February 25, 1992
 
 
 [3]
 We have sua sponte supplemented the record on appeal with petitioner's motion filed August 13, 1993, seeking to withdraw his remaining habeas claims