**In re VISTA FOODS U.S.A., INC., Debtor.**

**VISTA FOODS U.S.A., INC., Appellant,**

**v.**

**UNSECURED CREDITORS' COMMITTEE; Federal Corporation; Mike Bryan Office Supply; Megaoil U.S.A. Inc.; Office of the U.S. Trustee, Appellees.**

**BAP No. WO–96–37.**
**Bankruptcy No. 96–12890.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Nov. 19, 1996.

Jack Leebron, Clemens, Holshouser & Pate, Oklahoma City, OK, for debtor.

L. Win Holbrook, Oklahoma City, OK, for trustee.

Before PUSATERI, ROSE, and BOULDEN, Bankruptcy Judges.

## ORDER

PER CURIAM:

Vista Foods U.S.A., Inc., the debtor in the above-captioned case (Debtor), has filed a Motion for Leave to Appeal Under 28 U.S.C. § 158(a) from an Order of the United States Bankruptcy Court for the Western District of Oklahoma converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code. No response to the Motion has been filed with the Court. The Debtor also filed a Notice of Appeal on the same day.

The Court is vested with jurisdiction to hear appeals from "final judgments, orders,

and decrees" of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1) and (b). *See* Fed. R.Bankr.P. 8001(a). Leave to appeal is necessary only when an appeal is from an interlocutory order or decree of a bankruptcy court. 28 U.S.C. § 158(a)(3); Fed. R.Bankr.P. 8001(b) and 8003.

The United States Court of Appeals for the Tenth Circuit has held that "an order is final if it ends the litigation on the merits and leaves nothing for the court to but execute the judgment." *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d 264, 265 (10th Cir.1990). "[T]he appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." 893 F.2d at 266.

The Bankruptcy Court's Order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code is final and, therefore, leave of Court to appeal is not necessary and the Notice of Appeal is sufficient. Conversion ends the litigation regarding the discrete controversy of whether the case should proceed under chapter 11 or chapter 7. The Bankruptcy Court's Order resolving this controversy cannot be reconsidered later in the case or upon the dismissal or closure of the case. Once the Debtor has been liquidated, there is no possibility of it being reorganized as a going concern. *See, e.g.,* 11 U.S.C. § 363(m) (absent stay pending appeal, reversal or modification of an order authorizing the sale of assets in a bankruptcy case does not affect the validity of the sale to a good faith purchaser).

Accordingly, it is HEREBY ORDERED that the Debtor's Motion for Leave to Appeal Under 28 U.S.C. § 158(a) is DENIED.