**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

In re: ROBERT P. BAINES and
DEANN M. BAINES,

      Debtors,

_____

CROSSINGHAM TRUST; STACY
CROSSINGHAM; ALLAN
CROSSINGHAM,

      Plaintiffs-Appellees,

v.

DEANN M. BAINES; ROBERT P.
BAINES,

      Defendants-Appellants.

No. 07-2227

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:06-CV-00063-RB-RHS)**

Theresa M. Duncan (Joseph Goldberg, with her on the briefs), Freedman Boyd
Hollander Goldberg & Ives P.A., Albuquerque, New Mexico, for the
Defendants–Appellants.

Michael W. Wile, Vogel Campbell & Blueher, P.C., Albuquerque, New Mexico,
for the Plaintiffs–Appellees.

Before **LUCERO**, **EBEL**, and **FRIZZELL**,* Circuit Judges.

**LUCERO**, Circuit Judge.

In this case, we again consider the scope of our jurisdiction under 28 U.S.C. § 158(d)(1) to entertain appeals from a district court sitting in its capacity as a bankruptcy appellate court. Specifically, we consider whether § 158(d)(1) vests us with jurisdiction to entertain an appeal from a district court order that affirms a bankruptcy court's entry of summary judgment on fewer than all claims asserted between the discrete parties to the appeal. We hold that because the district court's disposition of such an appeal does not result in the entry of a final decision between the adversaries in the case, we lack jurisdiction under § 158(d)(1) to consider the appeal.

**I**

Defendants-appellants Robert and Deann Baines ("the Baines") are husband and wife, and co-owners of Building Unlimited by Baines, Inc. ("Building Unlimited"), a New Mexico corporation specializing in the construction of commercial buildings. In July 2002, plaintiff-appellee Crossingham Trust hired Building Unlimited as the general contractor for the construction of an office condominium building in Santa Fe, New Mexico ("Lot 3 Project"). The parties

---

* The Honorable Gregory K. Frizzell, District Judge of the United States District Court for the Northern District of Oklahoma, sitting by designation.

entered into a "cost-plus" contract, meaning that the consideration to be paid to Building Unlimited for its work on the Lot 3 Project was equal to the full cost of the construction work (including labor, equipment, and materials) plus a contractor's fee.

In August 2003, with the Lot 3 Project substantially complete, Crossingham Trust learned that Building Unlimited had not fully paid several of the subcontractors who had worked on the project, despite the fact that Building Unlimited had received payment for those subcontractors' expenses from Crossingham Trust. Building Unlimited apparently lacked the liquidity necessary to pay $68,726.19 due to various subcontractors. The situation eventually led the Baines to file a joint petition for Chapter 13 bankruptcy in September 2003.

After the Baines converted their joint bankruptcy case to one arising under Chapter 7 of the Bankruptcy Code in February of the following year, Crossingham Trust filed a complaint against both Robert and Deann Baines. It claimed that Building Unlimited's unpaid debts from the Lot 3 Project were nondischargeable in bankruptcy for two distinct reasons. First, Crossingham Trust alleged that the debts were nondischargeable because some of the funds it paid to Building Unlimited were "obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Second, it asserted that the debts were nondischargeable because the Baines had committed a "fraud or defalcation while acting in a fiduciary capacity." § 523(a)(4).

Following discovery, the parties submitted cross-motions for summary judgment. As to Crossingham Trust's claim arising under § 523(a)(4), the bankruptcy court applied established Tenth Circuit precedent which holds that New Mexico's contractor licensing statute creates a "technical trust" for the benefit of the construction client. Under this rule, any licensed general contractor in New Mexico who is advanced money under a construction contract owes a fiduciary duty to his clients. See Allen v. Romero (In re Romero), 535 F.2d 618, 621 (10th Cir. 1976). The court concluded that the undisputed facts showed that Robert Baines committed a defalcation while acting in such a fiduciary capacity, and that the debt alleged was therefore nondischargeable in bankruptcy. Accordingly, the court entered summary judgment in favor of Crossingham Trust and against Robert Baines on this claim. Because Deann Baines was not the qualifying party for the general contractor's license, however, she bore no fiduciary relationship to Crossingham Trust under the licensing statute, and was thus entitled to summary judgment in her favor on this claim.

With respect to Crossingham Trust's claim of fraud arising under § 523(a)(2)(A), the court denied all parties' motions for summary judgment. It determined that genuine issues of material fact existed as to whether the Baines had the requisite fraudulent intent, an element of the creditor's cause of action under this subsection. Additionally, the court found that an issue of material fact existed as to whether the alleged fraud could be personally imputed to Deann

Baines under agency principles. Judgment in favor of either party, the court concluded, would be premature.

The Baines chose to appeal the bankruptcy court's entry of partial summary judgment against Robert Baines, and its denial of summary judgment against Crossingham Trust, to the United States District Court for the District of New Mexico. See 28 U.S.C. § 158(c)(1). Consistent with the requirements of § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003, the Baines moved the district court for leave to file an interlocutory appeal as to the bankruptcy court's resolution of both causes of action. Upon referral, a magistrate judge recommended that the district court affirm the decision of the bankruptcy court on all issues. Over the Baines' objections, the district court adopted the magistrate's recommendation and entered an order and judgment affirming the decision of the bankruptcy court.[1] An appeal was then filed.

## II

None of the parties to the appeal question our jurisdiction. They apparently take our jurisdiction for granted and focus solely on the merits of the issues presented. Nonetheless, the jurisdictional door must be opened before we can sort out the merits of the issues the parties propose to bring for our consideration. As

---

[1] The record on appeal, including the district court's docket, is devoid of any suggestion that the court acted upon the Baines' motion for leave to appeal under § 158(a)(3). It appears the court simply proceeded to assign the case to a magistrate judge for resolution, and then later adopted the magistrate's recommendation as to the appropriate disposition of the appeal.

we have repeatedly stated, this court has an independent duty to inquire into its own jurisdiction to consider an appeal, Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1499 (10th Cir. 1994) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)), and we proceed to do so in this case.

Our judicial power to entertain appeals from a district court sitting in its bankruptcy appellate capacity is primarily governed by 28 U.S.C. § 158(d)(1), which limits the reach of our jurisdiction to "all final decisions, judgments, orders, and decrees" entered by the district court.[2] Traditionally, a decision in a civil controversy is not considered "final" unless it terminates the litigation on the merits and "leaves nothing for the court to do but execute the judgment." McKinney v. Gannett Co., 694 F.2d 1240, 1246 (10th Cir. 1982) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)); see also Simons v. Fed. Deposit Ins. Corp. (In re Simons), 908 F.2d 643, 644-45 (10th Cir. 1990). In the bankruptcy realm, however, the concept of finality has been given a less restrictive meaning. Unlike most civil cases, bankruptcy proceedings often involve "an aggregation of

---

[2] In certain circumstances, 28 U.S.C. § 1292(b) can provide a court of appeals with jurisdiction to entertain an appeal from a nonfinal order of a district court sitting in its bankruptcy appellate capacity. See Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992) ("So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction."). For jurisdiction to be proper under that statute, however, the district court must first state in writing that the nonfinal order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b). The district court did not so certify the questions at issue in this case.

controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed." Martin Bros. Toolmakers, Inc. v. Indus. Dev. Bd. (In re Martin Bros. Toolmakers, Inc.), 796 F.2d 1435, 1437 (11th Cir. 1986). In such proceedings, therefore, we separately consider the finality of each discrete dispute raised within the larger bankruptcy case. See Eddleman v. Dep't of Labor, 923 F.2d 782, 786 n.7 (10th Cir. 1991), overruled in part on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003, 1005 n.3 (10th Cir. 1992). In other words, we have recognized that "the appropriate 'judicial unit'" for purposes of determining finality under 28 U.S.C. § 158(d)(1) is not the overall bankruptcy case; it is instead "the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.), 893 F.2d 264, 266 (10th Cir. 1990); accord Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.), 956 F.2d 935, 938-39 (10th Cir. 1992).

Given the foregoing authorities, our jurisdictional inquiry in the instant case centers on the current dispositional status of the two separate claims asserted in Crossingham Trust's complaint of nondischargeability of the disputed debts. The first claim pursued against the Baines—defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4)—was unambiguously resolved by the bankruptcy court as to all relevant parties. The bankruptcy court granted

- 7 -

summary judgment in favor of Crossingham Trust against Robert Baines, and against Crossingham Trust in favor of Deann Baines. In contrast, the court denied summary judgment to all parties on Crossingham Trust's claim of false pretenses, false representation, or fraud under § 523(a)(2)(A). As to this claim, the bankruptcy court concluded that questions of material fact on the issues of the Baines' fraudulent intent and Deann Baines' role in the alleged fraud precluded summary judgment on behalf of any party. Consequently, only one of the two separate claims asserted between the parties to this discrete controversy was resolved by that court.

Because the bankruptcy court's disposition of the cross-motions for summary judgment was not final as to both claims between the parties, it necessarily constitutes a nonfinal order under the principles discussed above, and the Baines' initial appeal to the district court was therefore interlocutory in nature. See In re Durability, 893 F.2d at 266 (recognizing that a bankruptcy court order that fails to "resolve all of the matters pursued . . . or otherwise terminate [the] adversary proceeding on the merits" is an interlocutory order). Under 28 U.S.C. § 158(a)(3), a district court has power to hear such an interlocutory challenge from the decision of a bankruptcy court, provided that the parties receive "leave of the [district] court" to proceed with the appeal.[3] See Faragalla

---

[3] A question exists with respect to whether the district court appropriately exercised interlocutory jurisdiction over the Baines' appeal in the first instance.

(continued...)

- 8 -

v. Access Receivable Mgmt. (In re Faragalla), 422 F.3d 1208, 1210-11 (10th Cir. 2005); see also Fed. R. Bankr. P. 8003.  But the district court's judicial power to hear an interlocutory appeal is not dispositive of this court's jurisdiction to hear an appeal from its ensuing decision.  As we stated in In re Durability, although "[28 U.S.C.] § 158(a) expressly permits the district court to entertain an appeal from . . . a nonfinal order, § 158(d) does not likewise grant the court of appeals jurisdiction to review, in turn, the district court's interlocutory appellate decision."  893 F.2d at 266.

There may well be situations in which a district court's decision in an interlocutory appeal can be deemed "final" for purposes of § 158(d)(1).  See Ahammed v. Secs. Investor Prot. Corp (In re Primeline Secs. Corp.), 295 F.3d 1100, 1105 n.6 (10th Cir. 2002) (holding that a district court order in a bankruptcy case was final and appealable where "the appeal to the district court was interlocutory, [but] the district court's decision effect[ed] a final disposition of the claims").  For example, if the district court had ruled in the Baines' favor on each of the legal issues raised in their initial interlocutory appeal, there would

---

[3](...continued)
Under § 158(a)(3), a district court has "jurisdiction to hear appeals with leave of the [district] court, from . . . interlocutory orders and decrees" of the bankruptcy court (emphasis added).  The district court here failed to enter an order granting the Baines' motion for leave to pursue their interlocutory appeal from the bankruptcy court.  It simply entered an order and judgment adopting the magistrate's recommendations and affirming the decision of the bankruptcy court, without addressing the question of its own jurisdiction.

have been nothing remaining for the bankruptcy court to do upon remand from the district court, except enter final judgment in favor of the Baines. An appeal to us in such a circumstance would constitute an appeal from a "final" order of the district court under § 158(d)(1). See id. But this is not what occurred. Because the district court affirmed the bankruptcy court's denial of summary judgment to any party on the claim of nondischargeability under 11 U.S.C. § 523(a)(2)(A), there remains as yet an unresolved cause of action between the parties. Consistent with the demands of 28 U.S.C. § 158(d)(1), we therefore cannot exercise our jurisdiction over this appeal. Our conclusion in this respect is consistent with those other courts that have addressed similar issues in cases presenting analogous postures. See, e.g., LTV Steel Co. v. United Mike Workers of Am. (In re Chateaugay Corp.), 922 F.2d 86, 90-91 (2d Cir. 1990) (dismissing appeal for lack of jurisdiction where bankruptcy court entered summary judgment on less than all claims pending between the adversaries to the appeal); Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.), 738 F.2d 1065, 1066 (9th Cir. 1984) ("Appellate jurisdiction is lacking in this case because the bankruptcy court's order did not dispose of all issues in the adversary proceeding but only dismissed one count of a four-count counterclaim.").

In sum, we hold that because neither the bankruptcy court nor the district court resolved Crossingham Trust's claim of nondischargeability of debt under 11 U.S.C. § 523(a)(2)(A), we lack a final decision from which the Baines can appeal

under 28 U.S.C. § 158(d)(1).  This means that we are without jurisdiction to consider the case.  To hold otherwise would allow piecemeal appeals between the parties in a discrete controversy on any single cause of action—or legal issue—asserted in bankruptcy proceedings.  Cf. In re Szekely, 936 F.2d 897, 899 (7th Cir. 1991) (recognizing that "two tiers of review for interlocutory orders by bankruptcy judges" is "too many").  Section 158(d)(1) precludes such a result.

## III

The appeal is **DISMISSED**.