FILED
United States Court of Appeals
Tenth Circuit

October 29, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

BILLY JASON HARWELL,

      Debtor.

———————————

BILLY JASON HARWELL,

      Plaintiff-Appellant,

v.

VIRGINIA M. DALTON;
PEARLMAN & DALTON, P.C.;
and LYNN MARTINEZ,

      Defendants-Appellees.

No. 08-1048
(D.C. No. 1:07-cv-01140-WYD)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Debtor Billy Jason Harwell appeals from the district court's order affirming the bankruptcy court's interlocutory order approving employment of Virginia M. Dalton and Pearlman & Dalton, P.C. as counsel to the trustee, Lynn Martinez. Because the district court's order was not a final decision and no exceptions to the final-decision rule apply, we lack jurisdiction to consider this appeal.

I.

In October 2005, Mr. Harwell filed a voluntary Chapter 11 bankruptcy petition. The bankruptcy court appointed Ms. Martinez as Chapter 11 trustee and granted her request to hire Ms. Dalton and her law firm as counsel for the trustee. In February 2007, the bankruptcy case was converted to Chapter 7. The bankruptcy court appointed Ms. Martinez as Chapter 7 trustee and granted her request to re-employ Ms. Dalton and her firm as counsel for the trustee.

Mr. Harwell moved for reconsideration of the re-employment order. The bankruptcy court held an evidentiary hearing. At the conclusion of Mr. Harwell's case, the bankruptcy court granted Ms. Martinez's motion for judgment. The district court granted Mr. Harwell leave to appeal the bankruptcy court's decision under 28 U.S.C. § 158(a)(3) and, later, affirmed that decision. Mr. Harwell then appealed to this court. He argues that (1) the bankruptcy court erred in concluding that Ms. Dalton's bias against him was not a factor to be considered when determining whether she should be employed as counsel for the trustee under 11 U.S.C. § 327(a); and (2) the bankruptcy court erred in failing to consider

material evidence of Ms. Dalton's bias in favor of one creditor and against all other creditors.

## II.

Focusing their arguments on the merits of the appeal issues, the parties do not question our jurisdiction. We, however, "ha[ve] an independent duty to inquire into [our] own jurisdiction to consider [this] appeal." *Crossingham Trust v. Baines (In re Baines)*, 528 F.3d 806, 809 (10th Cir. 2008).

Appeals of decisions in cases beginning in bankruptcy court are addressed in 28 U.S.C. § 158. Section 158(a) gives district courts appellate jurisdiction over bankruptcy court decisions. District courts have jurisdiction to hear appeals of final and, with leave of the district court, nonfinal bankruptcy court orders. *Id.* § 158(a)(1), (3). In this case, the district court granted leave to hear the appeal. *Id.* § 158(a)(3).

Under 11 U.S.C. § 158(d)(1), we have jurisdiction over appeals from final district court orders.[1] *See id.* § 158(d)(1) ("The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered [by district courts]."). Since the district court merely affirmed the bankruptcy court's order, we have jurisdiction under this section only if the

---

[1] Although not relevant to this case, we note that we also have jurisdiction of appeals from final orders of Bankruptcy Appellate Panels. *See* 28 U.S.C. § 158(d)(1).

bankruptcy court's order was final. *Simons v. FDIC (In re Simons)*, 908 F.2d 643, 644 (10th Cir. 1990) (per curiam). In other words, both the bankruptcy court's order and the district court's reviewing order must be final decisions in order for us to have jurisdiction over this appeal. *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008); *see also Watson v. Boyajian (In re Watson)*, 403 F.3d 1, 4 (1st Cir. 2005) (deciding appellate court has jurisdiction only if underlying bankruptcy order is final); *Flor v. Bot Fin. Corp. (In re Flor)*, 79 F.3d 281, 283 (2d Cir. 1996) (per curiam) (same); *Sec. Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387, 389 (9th Cir. 1992) ("If the underlying bankruptcy court order is interlocutory, so is the district court order affirming . . . it.").

We therefore must consider the nature of the underlying bankruptcy order. *See In re Westwood Shake & Shingle*, 971 F.2d at 389. We have previously held that "[o]rders relating to the appointment of counsel in bankruptcy are interlocutory and unappealable [under § 158(d)(1)] until final disposition of the [bankruptcy] proceeding." *Spears v. U.S. Tr.*, 26 F.3d 1023, 1024 (10th Cir. 1994). "[T]he district court's affirmance of the bankruptcy court's decision . . . does not alter its interlocutory character for purposes of our appellate jurisdiction." *Id.*; *see also In re Baines*, 528 F.3d at 810 ("[T]he district court's judicial power to hear an interlocutory appeal is not dispositive of this court's jurisdiction to hear an appeal from its ensuing decision.").

-4-

Furthermore, when a district court grants leave to appeal under § 158(a)(3) that order is, by definition, not appealable under § 158(d)(1). *See Bank Brussels Lambert v. Coan (In re AroChem Corp.*), 176 F.3d 610, 618 n.4 (2d Cir. 1999) (dicta). Under § 158(a)(3), leave to appeal is granted only for interlocutory orders and decrees.

Thus, we conclude the bankruptcy and district court orders granting and affirming the employment of Ms. Dalton and her law firm as counsel for Ms. Martinez are not final and appealable. We therefore do not have jurisdiction over this appeal pursuant to § 158(d)(1).

Because we do not have jurisdiction under § 158(d)(1), we must consider whether there are alternative bases for jurisdiction that would allow us to review the bankruptcy court's interlocutory order. There are three possibilities. First, § 158(d)(2) establishes procedures for us to review interlocutory appeals. But those procedures have not been invoked in this case, and § 158(d)(2) therefore does not apply. *See In re Comdisco, Inc.*, 538 F.3d 647, 650 (7th Cir. 2008) (deciding that when § 158(d)(2) is not invoked, only § 158(d)(1) applies).

Second, we have recognized that "[i]n certain circumstances, 28 U.S.C. § 1292(b) can provide a court of appeals with jurisdiction to entertain an appeal from a nonfinal order of a district court sitting in its bankruptcy appellate capacity." *In re Baines*, 528 F.3d at 809 n.2. The district court in this case,

however, did not certify an appeal under § 1292(b). Thus, § 1292(b) does not provide a basis for jurisdiction.

The last possible basis for jurisdiction is the collateral-order exception to the final judgment rule established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). "To qualify for this limited exception, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1215 (10th Cir. 2008) (per curiam) (quotation marks and ellipsis omitted). All three requirements must be met. *In re Simons*, 908 F.2d at 645. Here, however, neither the second nor the third requirements are satisfied.

An order appointing counsel is "not completely separate from the merits. This is so because '[o]nly after assessing . . . the final judgment could an appellate court decide whether the client's rights had been prejudiced [by the appointment of counsel].'" *In re Westwood Shake & Shingle*, 971 F.2d at 390 (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985) (concerning order disqualifying counsel)); *see Foster Sec., Inc. v. Sandoz (In re Delta Servs. Indus., Etc.)*, 782 F.2d 1267, 1273 (5th Cir. 1986).

Also, the order appointing counsel typically can be reviewed on appeal after entry of final judgment in the bankruptcy proceedings. *See In re Westwood*

-6-

*Shake & Shingle*, 971 F.2d at 390 (citing *Firestone Tire & Rubber Co. v. Risjord*,

449 U.S. 368, 377-78 (1981)).

> An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not. The propriety of the . . . court's denial of a disqualification motion will often be difficult to assess until its impact on the underlying litigation may be evaluated, which is normally only after final judgment. The decision whether to disqualify an attorney ordinarily turns on the peculiar factual situation of the case then at hand, and the order embodying such a decision will rarely, if ever, represent a final rejection of a claim of fundamental right that cannot effectively be reviewed following judgment on the merits.

*Firestone Tire & Rubber*, 449 U.S. at 377. If, after entry of a final, appealable

bankruptcy court order and upon appeal, the reviewing court concludes that the

continuing representation by Ms. Dalton and her firm was prejudicial, the

reviewing court may vacate the bankruptcy court order and remand for further

proceedings. *See id.* at 378. This remedy is adequate to protect Mr. Harwell if

his concerns are well founded. *See id.*[2]

---

[2] We note that the bankruptcy court may disqualify Ms. Dalton and her firm at any time during the ongoing bankruptcy proceedings if it becomes apparent that she is not disinterested, as is required by 11 U.S.C. § 327(a).

III.

Because we lack jurisdiction over this appeal, we DISMISS the appeal. By doing so, we express no opinion on the merits of the issues raised by Mr. Harwell. We DENY as moot Mr. Harwell's motions to supplement the record.

Entered for the Court

Bobby R. Baldock
Circuit Judge