**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: STEVEN ALAN KEYSER,

Debtor.

_____

STEVEN ALAN KEYSER,

Appellant,

v.

WASATCH TOWERS
CONDOMINIUM OWNERS
ASSOCIATION, INC.

Appellee.

No. 12-4114

(BAP No. 12-030-UT)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Steven Keyser appealed to the bankruptcy appellate panel of the Tenth

Circuit (the BAP) an order by the United States Bankruptcy Court for the District

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Utah partially lifting an automatic stay with respect to a condominium unit he owned. *See* 11 U.S.C. § 362(a) (governing automatic stay). The BAP dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely. Proceeding pro se, Keyser appeals the BAP's dismissal. We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

## I.    BACKGROUND

Appellee Wasatch Towers Condominium Owners Association, Inc. (Wasatch) collects common expenses from residents at a condominium complex in Salt Lake City, Utah. A corporation called Ariannus Limitata (AL), which is managed by Keyser, failed to pay assessments for its condominium unit (the Unit). In January 2008 Wasatch recorded a notice of lien and sought to foreclose on the Unit. On June 1, 2009, Keyser transferred ownership of the Unit to himself by quitclaim deed. The next day he filed a petition for relief under Chapter 7 of the Bankruptcy Code, including the Unit in his schedules.

To permit it to proceed with its state-court claims against the Unit, Wasatch filed on October 18, 2010, a motion under 11 U.S.C. § 362(d)(2) seeking relief from the automatic stay (Wasatch's Stay Relief Motion). On November 22, however, the bankruptcy trustee formally abandoned the Unit, along with all prepetition and postpetition claims relating to it, and the bankruptcy court ruled that it did not have jurisdiction to hear Wasatch's Stay Relief Motion because the

Unit was no longer part of the bankruptcy estate.  Wasatch then resumed foreclosure efforts in state court.

On January 4, 2011, Keyser filed in bankruptcy court a motion to (1) extend the automatic stay to AL, (2) order Wasatch to dismiss its state-court claims against Keyser and AL, and (3) hold Wasatch in contempt of court for violating the automatic stay (Keyser's Stay Motion).  Two days later, Keyser filed a motion to enjoin Wasatch from proceeding against the Unit in state court.  The bankruptcy court denied the request for injunctive relief and declined to extend the automatic stay to AL.  But it also decided to revisit Wasatch's Stay Relief Motion and scheduled a hearing.  On January 28, three days after the hearing, the bankruptcy court entered an order (the January 28 Order) finding that it did have jurisdiction to hear Wasatch's Stay Relief Motion and partially lifting the stay on the Unit *nunc pro tunc* as of November 22, 2010.  The order stated:

1. The Court does have jurisdiction to consider this Motion despite the abandonment of the condominium by the chapter 7 trustee.
2. The stay is lifted as to the condominium to permit Wasatch to pursue its state court action seeking in rem relief of foreclosure, including any necessary discovery.
3. No state court litigation shall seek a judgment against Keyser personally for prepetition claims.
4. Wasatch must amend its state court complaint to clarify that it is asserting prepetition claims against Keyser only for the purpose of foreclosing on the condominium.
5. No stay exists as to postpetition claims.
6. This Order is effective as of November 22, 2010.

R. at 10.  It is this order that is the subject of the appeal to this court.

On February 9, 2011, the bankruptcy court entered a further order

(February 9 Order) declining to grant Keyser's request that it amend the January

28 Order to include a finding that Wasatch's state-court complaint had pleaded

causes of action in violation of the stay.[1]  It also directed the parties to set an

evidentiary hearing to address whether the stay had been violated.  While the

hearing was pending, the state court entered a decree of foreclosure in April 2011,

ordering the Unit to be sold by the sheriff.  The sale occurred in June.

The evidentiary hearing on alleged stay violations was held in the

bankruptcy court in November 2011.  On December 12 the bankruptcy court

entered an order ruling that the stay had not been violated.  On April 23, 2012,

the bankruptcy court denied Keyser's motion seeking sanctions and a new trial.

The same day, Keyser appealed three of the bankruptcy court's orders—the

January 28 Order, as well as the later orders of February 9 and December 12,

2011.  The BAP severed the appeal into three appeals, one for each challenged

order, *see* 10th Cir. BAP L.R. 8001-1, and then dismissed the appeal from the

January 28 Order because it was untimely.  Keyser appeals that dismissal.

---

[1] The bankruptcy court actually wrote:  "The Court denies the Debtor's motion to modify its Order of January 17, 2011."  R. at 12.  But, as the BAP explains in its decision, the bankruptcy court was almost certainly referring to the January 28 Order.

## II.    DISCUSSION

The issue before this court is the timeliness under Fed. R. Bankr. P. 8002(a) of Keyser's appeal of the January 28 Order to the BAP.  A notice of appeal must be filed within 14 days of entry of the order appealed from.  *See* Fed. R. Bankr. P. 8002(a); *see also* 28 U.S.C. § 158(c)(2) (timeliness of appeal is to be set by Rule 8002).  The failure to do so is a jurisdictional defect.  *See Emann v. Latture (In re Latture)*, 605 F.3d 830, 832 (10th Cir. 2010).  Even though Keyser's overarching bankruptcy case was ongoing, the bankruptcy court's order lifting the automatic stay was final and appealable.  *See Eddleman v. U.S. Dep't of Labor*, 923 F.2d 782, 785 (10th Cir. 1991) ("Because a permanent injunction is appealable as a final order, we may infer that Congress intended the grant or denial of stay to be similarly appealable." (citation omitted)), *overruled in part on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir. 1992).  Recognizing finality in this circumstance is consistent with the general rule that courts should construe finality less restrictively in bankruptcy cases, because they "often involve an aggregation of controversies, many of which would constitute individual lawsuits had a bankruptcy petition never been filed." *Crossingham Trust v. Baines (In re Baines)*, 528 F.3d 806, 809 (10th Cir. 2008) (internal quotation marks omitted).  Thus, the April 23, 2012, notice of appeal was filed long after the January 28, 2011, order was appealable.

Because Keyser is proceeding pro se, we liberally construe his pleadings. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Keyser does not dispute that orders lifting a stay are ordinarily final and appealable; but he argues that the February 9 Order, by setting an evidentiary hearing on whether the stay had been violated, made clear that the central issue addressed by the January 28 Order—whether the stay had been lifted—had not been fully resolved. We disagree. The January 28 Order lifted the stay only partially, leaving open the separate question whether Wasatch had violated the portions of the stay that persisted (by pursuing prepetition claims against Keyser personally). The February 9 Order did not disturb the January 28 Order.

Keyser also appears to challenge the finality of the January 28 Order on the grounds that the bankruptcy court did not comply with statutory procedural requirements, did not specify that it had annulled the stay, and improperly granted relief *nunc pro tunc*. But those challenges go to the merits of the order, not its finality.[2]

---

[2] The BAP observed that it could also dismiss Keyser's appeal because it was duplicative of an earlier appeal by Keyser from the January 28 Order, taken on February 9, 2011, and later dismissed for failure to pay the required fees. Because we affirm the BAP's decision on the ground that Keyser's appeal was untimely, we need not reach this alternative basis.

**III.  CONCLUSION**

We AFFIRM the decision of the BAP.  We also DENY Keyser's motion to supplement because no additional record is necessary to decide the issues relevant to the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge