**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: TERRY KENNETH VICKERY,

    Debtor.

------------------------------

RICHARD K. DIAMOND, Chapter 7
Trustee for IVDS Interactive Acquisition
Partners, L.P., a Florida general
partnership,

    Plaintiff - Appellee,

v.

TERRY KENNETH VICKERY,

    Defendant - Appellant.

No. 15-1069
(D.C. No. 1:12-CV-01891-MSK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Terry Vickery, a debtor in a bankruptcy case, appeals the district court's order

affirming the bankruptcy court's determination that a $4.6 million judgment against

him is nondischargeable under 11 U.S.C. § 523(a)(6). Because the district court's

order is not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

## BACKGROUND

In 2007, Richard Diamond—serving in a representative capacity as the Chapter 7 trustee for IVDS Interactive Acquisition Partners—obtained a $4.6 million judgment against Vickery after a jury found that Vickery and others conspired to make fraudulent transfers from IVDS Interactive to themselves. In 2010, Vickery filed for bankruptcy. Diamond brought an adversary proceeding for a determination that Vickery's $4.6 million judgment debt is nondischargeable in bankruptcy.

In his complaint, Diamond asserted separate theories for nondischargeability under 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6). Under § 523(a)(2)(A), any debt for money obtained by "false pretenses, a false representation, or actual fraud" is nondischargeable. Under § 523(a)(4), any debt resulting from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" is nondischargeable. And under § 523(a)(6), any debt resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable.

In 2012, the bankruptcy court ruled in favor of Vickery on two of Diamond's theories, concluding that the debt didn't fit within the exceptions to discharge set out in § 523(a)(2)(A) and § 523(a)(4). But the court agreed with Diamond that Vickery's debt is nondischargeable under § 523(a)(6). Vickery then appealed the bankruptcy court's decision on § 523(a)(6), and Diamond cross-appealed the denial of his § 523(a)(2)(A) and § 523(a)(4) claims.

The Bankruptcy Appellate Panel (BAP) of the Tenth Circuit hears bankruptcy appeals unless one of the parties elects to have the district court hear it instead. 28 U.S.C. § 158(c)(1). Diamond elected to have the district court hear Vickery's appeal of the § 523(a)(6) issue. But the BAP determined that Diamond's statement of election as to his cross-appeal of the § 523(a)(2)(A) and § 523(a)(4) issues was defective and denied his request to have the district court hear his cross-appeal. As a result, appeals in the district court and the BAP proceeded concurrently.

In 2013, the BAP affirmed the bankruptcy court's § 523(a)(4) ruling. But it reversed in part, and affirmed in part, the bankruptcy court's ruling on § 523(a)(2)(A). Specifically, the BAP affirmed the bankruptcy court's decision that Diamond failed to show false representation. But the panel remanded to the bankruptcy court for further proceedings to determine whether Diamond can prove that Vickery's debt is for money obtained by actual fraud. *See* 11 U.S.C. § 523(a)(2)(A) (making debts nondischargeable if money is obtained by "false pretenses, a false representation, or actual fraud"). In 2015, the district court affirmed the bankruptcy court's § 523(a)(6) ruling. Vickery appeals from the district court's order, arguing that the bankruptcy court erred by ruling that the debt is for a "willful and malicious injury" that is nondischargeable under § 523(a)(6).[1]

---

[1] On appeal from the district court, we independently review the bankruptcy court's decision. *See In re Gentry*, 807 F.3d 1222, 1225 (10th Cir. 2015).

3

After the parties completed briefing for this appeal, we ordered the parties to submit additional briefing addressing our jurisdiction.[2] Specifically, we asked the parties to address the finality of the district court's judgment. Our question arose because Vickery appeals from the district court's decision while proceedings are still pending in the bankruptcy court on remand from the BAP.

Both parties argue we have jurisdiction. Vickery argues we have jurisdiction under 28 U.S.C. § 158(d)(1), which states, "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by a district court or the BAP. Vickery asserts that because the district court entirely resolved the issue before it, its decision is final and appealable. Diamond agrees, additionally citing 28 U.S.C. § 1291, which states, "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . ."

Despite the parties' shared desire that we resolve this appeal, we have an affirmative obligation to determine our own jurisdiction. *Niemi v. Lasshofer*, 728 F.3d 1252, 1259 (10th Cir. 2013). And we must fulfill this obligation before reaching the merits. *W. Energy All. v. Salazar*, 709 F.3d 1040, 1046 (10th Cir. 2013).

Usually, a decision in a civil case is considered final if it terminates the litigation on the merits, leaving the court with nothing to do but execute the judgment. *In re Baines*, 528 F.3d 806, 809 (10th Cir. 2008). But in bankruptcy, finality has a different

---

[2] We also ordered additional briefing addressing the district court's jurisdiction. On further review, we conclude that the district court had jurisdiction under 28 U.S.C. § 158(c)(1).

meaning. *Id*. A bankruptcy case often involves several controversies that could constitute many individual lawsuits absent the filing of a bankruptcy petition. *Id*. As a result, we separately consider the finality of each discrete dispute raised within the larger bankruptcy case. *Id*. at 810. For example, we don't require resolution of the entire bankruptcy case for appellate jurisdiction. *Id*. Instead, "the appropriate 'judicial unit'" for determining § 158(d)(1) finality is "the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id*. (quoting *In re Durability, Inc.*, 893 F.2d 264, 266 (10th Cir. 1990)).

In *Durability*, we said the proper jurisdictional inquiry focuses on the dispositional status of the matters contained in the trustee's adversary complaint. 893 F.2d at 266. There, we concluded that we lacked appellate jurisdiction because the lower court's order didn't resolve all of the matters the trustee pursued in his adversary complaint. *Id*. Similarly, we evaluate finality in this case by focusing on whether the district court order resolved the matters encompassed by Diamond's adversary complaint. *See id*.

Here, Diamond's adversary complaint alleged—in three separate counts—that Vickery's debt is nondischargeable under three separate exceptions to discharge: § 523(a)(2)(A), (a)(4) and (a)(6). The district court's order resolved only the § 523(a)(6) issue. Meanwhile, the § 523(a)(2)(A) issue remains pending on remand in the bankruptcy court. In short, the district court's order didn't resolve all of the matters Diamond raised in his adversary complaint. *See Durability*, 893 F.2d at 266. Therefore, under the unique circumstances of this case, we lack jurisdiction because the district court's order isn't a final, appealable order. Rather, the district court's order will ripen into a final, appealable

5

order only when the bankruptcy court and the BAP resolve the § 523(a)(2)(A) issue.

Accordingly, this appeal is dismissed.

Entered for the Court

Nancy L. Moritz
Circuit Judge