**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re TRI-VALLEY DISTRIBUTING,
INC., COOK OIL CO., SNOBIRD, INC.,

        Debtors.

--------------------------------

D. RAY STRONG, as Examiner for Tri-
Valley Distributing, Inc.; OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS,

           Plaintiffs - Appellees/
           Cross - Appellants,

     v.

WESTERN UNITED LIFE ASSURANCE
CO., a Washington corporation,

           Defendant-Appellant/
           Cross-Appellee.

Nos. 06-4279 and 06-4280

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE**
**PANEL OF THE TENTH CIRCUIT**
**(BAP No. 01-C-36562)**

---

Jeffrey Weston Shields, Jones Waldo Holbrook & McDonough, PC, Salt Lake
City, Utah, and Peter W. Billings, Fabian & Clendenin, Salt Lake City, Utah
(Jerome Romero, Candice Pitcher, and Troy J. Aramburu, Jones Waldo Holbrook
& McDonough, PC, Salt Lake City, Utah; and Douglas J. Payne, Fabian &
Clendenin, Salt Lake City, Utah, with them on the briefs), appearing for
Appellants/Cross-Appellees.

Kenneth L. Cannon, II, Durham Jones & Pinegar, Salt Lake City, Utah (Penrod W. Keith, Durham Jones & Pinegar, Salt Lake City, Utah; Weston L. Harris and George B. Hofmann, Parson Kinghorn Harris, Salt Lake City, Utah, with him on the briefs), appearing for Appellees/Cross-Appellants.

Before **HENRY**, Chief Circuit Judge, **TACHA**, and **BRISCOE**, Circuit Judges.

**PER CURIAM**.

In this bankruptcy adversary proceeding, the bankruptcy court granted in part and denied in part Western United Life Assurance's ("WULA") motion to dismiss claims asserted against it by Tri-Valley Distributing, Inc. ("Tri-Valley"), Cook Oil Company, Snobird, Inc., and the Official Committee of Unsecured Creditors (collectively, "Debtors"). The Bankruptcy Appellate Panel ("BAP") affirmed. On appeal, WULA contends that the bankruptcy court erred in refusing to dismiss all the Debtors' claims. The Debtors' cross-appeal, arguing that the bankruptcy court erroneously dismissed the claims that it did. Both parties have also filed motions in this Court to dismiss each other's appeal for lack of jurisdiction. We GRANT both motions to the extent set forth below and DISMISS the appeal and the cross-appeal.

## I. BACKGROUND

Tri-Valley, Cook Oil Company, and Snobird, Inc., filed for bankruptcy in November 2001. Less than two weeks later and without the approval of the bankruptcy court, Tri-Valley allegedly transferred title to real property known as

-2-

the "Rock Springs property" to Seven C Enterprises, Inc. ("Seven C"), a corporation with similar ownership as the debtor companies. The following year, WULA loaned Speedy Turtle Petroleum, Inc. ("Speedy Turtle") several million dollars. The loan was secured by real property held by Seven C, including the Rock Springs property. Speedy Turtle, Inc. ultimately defaulted on the loan, and WULA foreclosed on and—by credit bid—became record owner of the properties.

On March 2, 2004, by order of a Washington state court, WULA was placed under the control of a Washington state rehabilitation receiver ("Receiver") pursuant to Washington's Uniform Insurers Liquidation Act. Citing Wash. Rev. Code Ann. § 48.31.040, the order mandated that the Receiver take possession of all WULA's assets and conduct WULA's business in order to rehabilitate the company.

On March 19, 2004, the Debtors (through the examiner in the Debtors' bankruptcy) commenced this adversary proceeding against WULA in the bankruptcy court. The complaint was filed on behalf of the bankruptcy estate as a creditor of Seven C, and it alleged various state-law claims against WULA stemming from its 2002 loan to Speedy Turtle, including fraudulent transfer and negligent lending.

In October, the Washington state court amended the receivership order to explicitly enjoin all pending and future claims against the Receiver's title to and

use of WULA's assets.[1]  In December, however, the bankruptcy court permitted the Debtors to amend their complaint to add claims seeking to void the Receiver's title to the Rock Springs property on the theory that Tri-Valley's transfer of the property to Seven C violated several provisions of the Bankruptcy Code—namely, that the transfer was a violation of the automatic stay, an improper use of estate property, and an unauthorized post-petition transfer.  *See* 11 U.S.C. §§ 362, 363, 549(a).

WULA then filed the motion to dismiss that is at the center of this appeal. In the motion, WULA contended that the bankruptcy adversary action was prohibited by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), which precludes application of a federal statute in favor of conflicting state law when (1) the federal statute does not specifically relate to the business of insurance; (2) the state law was enacted for the purpose of regulating the business of insurance; and (3) the federal statute operates to invalidate, impair, or supersede the state law. *See Bancoklahoma Mortgage Group v. Capital Title Co.*, 194 F.3d 1089, 1098 (10th Cir. 1998).  WULA argued that the provisions of the Bankruptcy Code bestowing jurisdiction on the bankruptcy court impaired the Washington Uniform

---

[1]Specifically, the order "enjoined and restrained [all persons] from interfering with the Receiver's title, possession and use of any and all, or any portion thereof, of the property of Western United" and from "[i]nstituting or further prosecuting any action, at law or in equity, or in other proceedings to determine, enforce, collect, or assert any claims against Western United, its Assets, or the Receiver."

Insurers Liquidation Act and the injunction entered pursuant to the Act. According to WULA, because the application of the Bankruptcy Code's jurisdictional provisions would impair Washington's insurance liquidation scheme, the court should dismiss the Debtors' claims or, in the alternative, permissively abstain from hearing them.

The bankruptcy court granted in part and denied in part WULA's motion to dismiss. The court held that the McCarran-Ferguson Act did not apply to the Debtors' claims insofar as they related to the Rock Springs property and refused to dismiss those claims. In contrast, the bankruptcy court determined that the McCarran-Ferguson Act did apply to all other matters and therefore dismissed "all controversies or causes of action . . . other than those controversies which pertain to, or seek declaratory relief with respect to the Rock Springs Property." The court did not specify which claims, as set forth in the Debtors' amended complaint, "pertain to" the Rock Springs property.

WULA and the Debtors agreed to file an appeal and cross-appeal, respectively, with the BAP. Before reaching the merits of the appeals, the BAP entered show-cause orders requiring the parties to explain the source of the BAP's jurisdiction. The BAP ultimately determined that the bankruptcy court's order was not appealable as a final order, but could be appealed under the collateral-order doctrine. On the merits, the BAP held that the bankruptcy court correctly determined that the McCarran-Ferguson Act did not apply to the claims pertaining

to the Rock Springs property; thus, it concluded that the bankruptcy court properly denied WULA's motion to dismiss those claims. As to the other claims, the BAP decided that the bankruptcy court properly dismissed them, but did so for the wrong reason. Specifically, the BAP determined that the bankruptcy court erred in its conclusion that the McCarran-Ferguson Act applied to those claims and thus provided a basis for dismissal. But the BAP reasoned that the bankruptcy court could have permissively abstained from hearing the claims under 28 U.S.C. § 1334(c)(1). Accordingly, the BAP affirmed the bankruptcy court's order.

## II. DISCUSSION

A.    Finality and Jurisdiction Under § 158(d)(1)

Under 28 U.S.C. § 158(d)(1), we have jurisdiction over appeals from final orders of the BAP. "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). Thus, an order that resolves only a part of the parties' dispute is not a final, appealable order. *See id.* at 265–66. In the bankruptcy context, however, the relevant "judicial unit" for application of the finality rule is not the overall bankruptcy case, "but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id.* at 266.

In determining whether an order from the BAP is final, some courts of

appeals have held that the BAP's order is final when the underlying bankruptcy decision is final. *See, e.g.*, *In re Eastport Assocs.*, 935 F.2d 1071, 1075 (9th Cir. 1991) ("When a bankruptcy court enters a final order, a district court's order affirming or reversing that order is also final."); *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 449 (3d Cir. 1982) ("[W]hen the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order"). This Circuit, however, has rejected such an approach. *See In re Cascade*, 956 F.2d 935, 937–39 ("[W]e rejected the approach to finality advocated by appellants: that finality should be judged by the terms of the bankruptcy order, regardless of whether district court affirms or reverses that order."). Instead, we look to the order of the BAP itself, determining whether it is final by considering the effect that the order will have in the context of the particular appeal. *Id.* at 937. If the BAP's order results in significant further proceedings in the bankruptcy court, the BAP's order is not final, and we do not have jurisdiction to consider an appeal therefrom. *Id.*

Our framework thus produces several combinations of final and nonfinal orders by the bankruptcy judge and on appeal to the BAP, each of which produces a different result for purposes of our jurisdiction under § 158. *See* 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3926.2, at 273 (2d ed 1996) (hereinafter "Wright & Miller"). In one combination of orders, the bankruptcy court enters an order that meets our

finality requirement in the context of bankruptcy—for example, an order that dismisses an adversary proceeding for lack of jurisdiction. On appeal, the BAP reverses. Because "significant further proceedings will be had in the bankruptcy court–the court must decide [the debtor's] claims in the first instance," the BAP's order is not final and appealable for purposes of § 158(d). *See In re Cascade*, 956 F.2d at 937. By way of contrast (and here we introduce a second combination of orders between the bankruptcy court and the BAP), if the BAP had affirmed the dismissal order, no further proceedings would be contemplated in the bankruptcy court, and hence the BAP's order would be final and appealable under § 158(d).

Another situation arises when the bankruptcy court enters a nonfinal order (for example, refusing to dismiss an adversary proceeding) and the BAP exercises its discretion to entertain an interlocutory appeal of the order under 28 U.S.C. § 158(a), (b)(1). If the BAP's order alters the nonfinal nature of the bankruptcy court's order by effecting its own final disposition of the underlying dispute—for example, if the BAP reverses the bankruptcy court's order denying a motion to dismiss—then the BAP's order is final and appealable under § 158(d)(1). *See In re Durability*, 893 F.2d at 266. We have characterized this as "curing" the nonfinality of the bankruptcy court's order. *See id.*; *see also* Wright & Miller § 3926.2, at 279 and cases cited in n.12 ("If permission [to proceed interlocutorily] is granted [by the district court or the BAP], the disposition may be intrinsically final even though the appeal was interlocutory. If so, appeal is

available under § 158(d).").  If, however, the BAP's decision does not cure the nonfinal character of the bankruptcy court order—as is often the case when the BAP affirms the bankruptcy court—then the BAP's decision is likewise not final. *See In re Durability*, 893 F.2d at 265–66 (holding that we have no jurisdiction to review an order of the district court affirming an order of the bankruptcy court determining the priority of creditors' claims; the bankruptcy court's order was not final and the decision of the district court did not cure the nonfinal disposition of the underlying proceeding); *In re Simons*, 908 F.2d 643, 644 (10th Cir. 1990) ("Since the district court order appealed herein simply affirmed the bankruptcy court's decision, we have jurisdiction only if the latter may be deemed final."). *See also* Wright & Miller § 3926.2, at 279 (stating that disposition on appeal is commonly not final where the district court or BAP affirms a nonfinal order of the bankruptcy court).

Returning to the case before us, it is clear that the bankruptcy court's order denying in part and granting in part WULA's motion to dismiss is not final:  the order only partially resolves the adversary proceeding.  And the BAP's order affirming does not "cure" the nonfinal character of the bankruptcy court's order. The BAP did not, for example, determine that all claims should have been dismissed pursuant the McCarran-Ferguson Act, thus effectively disposing of the entire adversary proceeding.  Rather, by affirming the bankruptcy court's order, the BAP's order will result in significant further action in this adversary

-9-

proceeding.  Therefore, the BAP's order is not final and appealable under § 158(d)(1).

B.     *Cohen* Doctrine

The parties argue that they may appeal under the collateral-order exception to the final judgment rule established by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949).  "To qualify for this limited exception, the order must conclusively determine the disputed question . . . , resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *In re Magic Circle Energy Corp.*, 889 F.2d 950, 954 (10th Cir. 1989).

Before reaching the *Cohen* question, however, we first note that this appeal presents a particularly unique circumstance.  As we explain below, the bankruptcy court's order does not fall within the collateral-order exception.  And while the BAP affirmed the bankruptcy court, it did so based on a different legal rationale that arguably brings part of the BAP's order within the scope of the exception.  In such a case, it is unclear whether the BAP's order "cures" the nonfinality of the bankruptcy court's order such that the BAP order may be considered final and appealable under § 158.  It is not necessary to answer this question, however, because we do not have jurisdiction even if that is the case.

1.    *Application of Cohen to the Bankruptcy Court's Order*

        a.    WULA's Appeal: The Refusal to Dismiss Claims Pertaining to the Rock Springs Property

The bankruptcy court's refusal to dismiss claims pertaining to the Rock Springs property is not an appealable collateral order because it is not effectively unreviewable on appeal from entry of a final judgment in the adversary proceeding. WULA suggests that it will irrevocably lose the "right" to defend these claims in a single forum (the receivership proceeding in Washington state court) unless we permit review now, but this argument fails because WULA has no such right. *See Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Old Sec. Life Ins. Co.*, 600 F.2d 671, 677 (7th Cir. 1979) (holding that a delinquent insurance company did not have a "right" to a single-state forum through application of the McCarran-Ferguson Act and the Missouri Insurance Act, and thus the district court's refusal to dismiss claims was not appealable under the collateral-order doctrine). The Washington Uniform Insurers Liquidation Act does not itself create an exclusive forum in Washington state court. Rather, the Act expressly contemplates that separate claims may be tried in other forums; for example, the Act authorizes the receivership court to stay proceedings when an action should be brought in a forum outside the state. *See* WASH. REV. CODE ANN. § 48.31.111(4); *see also Old Sec. Life Ins.*, 60 F.2d at 677 (reasoning that the Missouri Insurance Act does not create an "exclusive single-state forum").

-11-

Furthermore, to the extent WULA argues that the collateral-order exception applies because the state court injunction divests the bankruptcy court of jurisdiction, its argument fails because this jurisdictional question may be reviewed on appeal from a final judgment. As a general rule, the "denial of a motion to dismiss, *even when the motion is based upon jurisdictional grounds*, is not immediately reviewable." *In re Magic Circle*, 889 F.2d at 954 (emphasis added) (quotation omitted). Thus, the denial of WULA's motion to dismiss is not a final collateral order entitled to immediate review.

        b.      Debtors' Appeal: The Dismissal of Claims Not Pertaining to the Rock Springs Property

The Debtors do not argue that the bankruptcy court's disposition of these claims meets the three *Cohen* requirements for interlocutory appeal of a collateral order, arguing only that the BAP's order falls within the exception. In addition, the satisfaction of these requirements is not apparently based on the bankruptcy court's order. Indeed, the court did not even identify the specific claims it was dismissing, describing them only as those claims not pertaining to the Rock Springs property. Under these circumstances, we cannot say that the bankruptcy court's order is a final collateral order. *See Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200 (10th Cir. 2002) (noting that "[t]he collateral order doctrine sets a high bar for *any* interlocutory appeal").

      2.    *Application of Cohen to the BAP's Order*

The BAP held that the bankruptcy court correctly determined that the McCarran-Ferguson Act did not apply to the claims pertaining to the Rock Springs property; thus, it concluded that the bankruptcy court properly denied WULA's motion to dismiss those claims. Therefore, that part of the BAP's order does not meet the *Cohen* requirements for the same reasons we have described above.

As to the other claims, however, the BAP decided that the bankruptcy court properly dismissed them, but did so for the wrong reason. Specifically, the BAP determined that the bankruptcy court erred in its conclusion that the McCarran-Ferguson Act applied to those claims and thus provided a basis for dismissal. But the BAP reasoned that the bankruptcy court could have permissively abstained from hearing the claims under 28 U.S.C. § 1334(c)(1). Thus, the BAP affirmed on that basis.

Ordinarily, a decision to abstain satisfies the collateral-order doctrine. *See Mt. McKinley Ins. Co. v. Corning, Inc.*, 399 F.3d 436, 442 (2d Cir. 2005). However, as to the ground for abstention at issue here, Congress has expressly limited appellate jurisdiction. 28 U.S.C. § 1334(d) provides:

> Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title . . . .

Here, the Debtors argue that even though § 1334(d) normally divests this

court of jurisdiction over decisions to abstain under § 1334(c)(1), that jurisdictional bar is not applicable because it was the BAP, rather than the bankruptcy court, that held that abstention was warranted under § 1334(c)(1). According to the Debtors, the BAP lacked the authority to apply § 1334(c)(1) in the first instance, and the case should be remanded to the bankruptcy court for a determination whether abstention is warranted under § 1334(c)(1).

In similar situations, parties have been allowed to challenge a court's authority to make a decision–even though the merits of that decision are not reviewable. *See, e.g.*, *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 848-50 (7th Cir. 2004); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1191-92 (9th Cir. 2003). We are persuaded by those cases, and therefore conclude that we have jurisdiction to consider the debtors' argument that the BAP lacked the authority to apply § 1334(c)(1) in the first instance.

Nevertheless, we further conclude that the BAP acted within its authority in applying § 1334(c)(1). Under 28 U.S.C. § 158(d), "[a] bankruptcy appellate panel has jurisdiction to decide legal matters not resolved by the trial court upon the record presented to it." Wright & Miller, § 4106, at 558. Here, the BAP's application of § 1334(c)(1) involved such legal matters.

Because the BAP acted within its authority, our review of its decision may proceed no further. In light of § 1334(d), we lack jurisdiction to review the merits of the § 1334(c)(1) abstention issue.

-14-

## III.  CONCLUSION

We lack jurisdiction to hear WULA's appeal, and we therefore DISMISS it. As to the Debtors' cross-appeal, we conclude that the BAP had the authority to consider the first instance whether abstention was warranted under § 1334(c)(1). Insofar as the Debtors challenge the merits of the BAP's decision, we DISMISS their cross-appeal.

*06-4279, 06-4280, Strong v. Western United Life Assurance*

**TACHA**, concurring.


I agree that § 1334(d) divests us of jurisdiction to consider the merits of the BAP's order. I disagree, however, with the majority's conclusion "that we have jurisdiction to consider the debtors' argument that the BAP lacked the authority to apply § 1334(c)(1) in the first instance."

*Illinois Municipal Retirement Fund v. Citigroup, Inc.* and *Kelton Arms Condominium Owners Association, Inc. v. Homestead Insurance Co.* are distinguishable in key respects that make their holdings inapplicable in this case. In *Illinois Municipal Retirement Fund*, the question was whether the district court exceeded its statutory authority by the "very issuance" of a particular order. 391 F.3d 844, 850 (7th Cir. 2004). Specifically, the district court issued a remand order that contravened a potential transferee court's earlier ruling that removal was proper. *See id.* at 847–48. In such a situation, the Seventh Circuit reasoned that it had appellate jurisdiction notwithstanding 28 U.S.C. § 1447(d)[1] to review whether the court's order was prohibited by the multidistrict litigation statute, 28 U.S.C. § 1407. *See id.* at 850 ("When a district court exceeds its statutory authority by the very issuance of a remand order—as opposed to merely issuing a

---

[1]28 U.S.C. § 1447(d) states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in certain limited circumstances]."

flawed remand order—it is within our appellate jurisdiction to review that court's exercise of authority and vacate the ineffective order, provided we can do so without reference to the contents of the remand order.")

In *Kelton Arms Condominium Owners Association*, the Ninth Circuit held that a court of appeals has jurisdiction to vacate a remand order notwithstanding 28 U.S.C. § 1447(d) only to the extent that the order itself is unauthorized by 28 U.S.C. § 1447(c). 346 F.3d 1190, 1193 (9th Cir. 2003). The court reasoned that § 1447(d) only precludes review of decisions made "pursuant to" § 1447(c). Thus, if the order was made for a reason not provided by subsection (c), the order was not made "pursuant to" that subsection and subsection (d) would not divest the court of appeals of jurisdiction. *See id.* at 1191–92.

This case does not present analogous circumstances. There is no question that the BAP had the statutory authority to issue its order affirming the bankruptcy court. *See* 28 U.S.C. § 158(a), (b). Indeed, the debtors do not identify any statutory qualification of this authority. Rather, the debtors contend that the BAP is precluded from using a particular *reason* in support of the order affirming. This case, then, is unlike both *Illinois Municipal Retirement Fund* and *Kelton Arms Condominium Owners Association*, and I think it is an unwarranted extension of the principles highlighted in those cases—and perhaps a potentially confusing recitation of our jurisdiction—to hold that we may review the propriety of the BAP's use of § 1334(c)(1) in its order.