FILED
United States Court of Appeals
Tenth Circuit

June 10, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANK MCINTYRE,

    Debtor.

-----------------------------

FRANK MCINTYRE,

    Plaintiff - Appellant,

v.

ACTIVE ENERGIES SOLAR, LLC;
JASON WEINGAST; RICHARD
CLUBINE,

    Defendants - Appellees.

No. 20-1211
(BAP No. 20-021-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Frank McIntyre challenges an order of the Bankruptcy Appellate Panel (BAP)

dismissing his appeal from the bankruptcy court's dismissal of multiple state-law

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims and abatement of one claim pending resolution of parallel state-court proceedings. The BAP dismissed the appeal, ruling (1) that the bankruptcy court's abatement of one claim meant its dismissal of all other claims was a nonfinal, interlocutory decision; (2) that the order was not reviewable under the collateral-order doctrine; and (3) that granting leave for interlocutory review would not be appropriate. We dismiss this appeal for lack of jurisdiction because the bankruptcy court did not render a final decision and the BAP's order did not cure the finality problem.

I

This case began as a business dispute between McIntyre and his company, Glenwood Clean Energy, Ltd. (GCE), and a business associate, Jason Weingast, who was vice-president of Active Energies Solar (AES). GCE and AES collaborated to sell and install solar-energy systems. Under their arrangement GCE would sell the systems for a commission, and AES would install them. But while working on one project, Weingast sold AES to Richard Clubine, who McIntyre says directly contracted with the customer and then reneged on a settlement offer to pay GCE a $5,000 commission. McIntyre insists GCE was entitled to a commission of $5,962.56 for securing the project.

Based on these allegations, McIntyre sued AES, Clubine, and Weingast in Colorado state court, asserting various tort and contract claims, most of which the state court dismissed. Thereafter, the state court awarded AES and Clubine $21,853.13 in attorney's fees.

That same day, McIntyre filed the underlying Chapter 13 petition and later initiated, as GCE's successor, an adversary proceeding against AES, Clubine, and Weingast to recover the $5,962.56 he claimed he was owed as a commission. McIntyre raised various state-law tort and contract claims similar to the claims he advanced in state court. He also objected to AES's proof of claim, which was based on the state court's award of attorney fees.

The bankruptcy court dismissed McIntyre's state-law claims for lack of jurisdiction under 28 U.S.C. § 1334(b), which provides "original but not exclusive jurisdiction of all civil proceedings arising under [the bankruptcy code], or arising in or related to cases under [the bankruptcy code]." The court reasoned that McIntyre's claims did not "arise under" the bankruptcy code or "arise in" the bankruptcy proceedings because they did "not directly affect the property of the bankruptcy estate, and constitute[d] state law causes of action." R. at 12 (internal quotation marks omitted). It further explained that the claims were not "related to" the bankruptcy proceedings because they were "based solely on pre-petition alleged conduct of the defendants, and [McIntyre's] rights, liabilities, options or freedom of action [were] not impacted by [his] claims." *Id.* at 13 (internal quotation marks omitted).

Alternatively, the bankruptcy court determined that even if McIntyre's state-law claims "related to" the bankruptcy proceedings, it would exercise its discretion to abstain from hearing them under § 1334(c)(1). The court viewed abstention as having little effect on the administration of the estate because McIntyre

3

could seek turnover of any recovery in state court. It also observed that state-law issues predominated over the claims, which were based on conduct that predated the filing of his petition, and that McIntyre admitted they were the same claims he asserted in the state-court action.

As for McIntyre's objections to AES's proof of claim, the bankruptcy court noted the proof of claim was based on the state court's fee award, which was still contingent on the state court's resolution of McIntyre's motion to reconsider the dismissal of his claims. It therefore abated McIntyre's objections to the proof of claim pending the state court's resolution of his motion for reconsideration.

McIntyre filed a motion for reconsideration, which the bankruptcy court construed as a motion to alter or amend the judgment. The court denied relief, ruling that McIntyre simply disagreed with its determination that the state-law claims were not "related to" the bankruptcy proceedings.

McIntyre appealed to the BAP, which dismissed for lack of jurisdiction, ruling that the bankruptcy court did not render a final decision because it abated consideration of McIntyre's objections to AES's proof of claim. The BAP also noted that the bankruptcy court did not certify its decision for immediate appeal, *see* Fed. R. Civ. P. 54(b), and that its decision was not appropriate either for review under the collateral-order doctrine or for interlocutory review.

4

## II

### A. Finality & Appellate Jurisdiction under 28 U.S.C. § 158(d)(1)

This court has jurisdiction to review final decisions of the BAP. *See Radiance Cap. Receivables Nineteen LLC v. Crow (In re Crow)*, 987 F.3d 912, 918 (10th Cir. 2021); 8 U.S.C. § 158(d)(1). "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Adelman v. Fourth Nat'l Bank & Tr. Co., N.A. (In re Durability, Inc.)*, 893 F.2d 264, 265 (10th Cir. 1990). "Thus, an order that resolves only a part of the parties' dispute is not a final, appealable order." *Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1213 (10th Cir. 2008). But "[i]ssues of finality and appealability are different in bankruptcy cases." *Crow*, 987 F.3d at 918. In the bankruptcy context, "the appropriate 'judicial unit' for application of [the] finality requirement[] . . . is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Durability*, 893 F.2d at 266. We evaluate the finality of the BAP's order "by considering the effect that the order will have in the context of the particular appeal," *Tri-Valley*, 533 F.3d at 1214, which in turn "requires considering whether the bankruptcy court order is final," *HealthTrio, Inc. v. Centennial River Corp. (In re HealthTrio, Inc.)*, 653 F.3d 1154, 1159 (10th Cir. 2011). Ultimately, "[i]f the BAP's order results in significant further proceedings in the bankruptcy court, the BAP's order is not final, and we do not have jurisdiction to consider an appeal therefrom." *Tri-Valley*, 533 F.3d at 1214.

Here, the BAP's dismissal results in significant further proceedings because the bankruptcy court abated McIntyre's objections, which are still pending, and the BAP did not "'cure' [the] finality problem by effecting its own final disposition of the underlying adversary proceeding," *Durability*, 893 F.2d at 266; instead, the BAP's order left intact the bankruptcy court's interlocutory order adjudicating only part of the dispute. Thus, we lack jurisdiction under § 158(d)(1).

McIntyre disputes this conclusion. He contends (1) that the $5,962.56 commission he seeks is property of the estate over which the bankruptcy court had exclusive jurisdiction under 28 U.S.C. § 1334(e)(1), and (2) that his efforts to recover that money through bankruptcy constitute a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), so the bankruptcy court lacked discretion to dismiss those claims. But these arguments go to the merits of his arguments against dismissal of his claims, not the finality of the decisions by the bankruptcy court and the BAP. They do not explain how the bankruptcy court rendered a final decision despite adjudicating fewer than all the claims. Neither do these arguments address the BAP's dismissal for lack of a final decision from the bankruptcy court.

*B. Collateral-Order Doctrine*

McIntyre also invokes the collateral-order doctrine. That doctrine recognizes "a narrow class of collateral orders which do not meet th[e] definition of finality, but which are . . . immediately appealable . . . because they [1] conclusively determine a disputed question that is [2] completely separate from the merits of the action [and 3] effectively unreviewable on appeal from a final judgment." *Quackenbush v. Allstate*

6

*Ins. Co.*, 517 U.S. 706, 712 (1996) (original brackets and internal quotation marks omitted). It is McIntyre's burden to show his appeal satisfies all three elements. *See Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir. 1989).

McIntyre fails to satisfy the third element—namely, that the bankruptcy court's ruling is unreviewable on appeal from final disposition of his adversary proceeding. The dismissal of his state-law claims will be subsumed in the final disposition of his adversary proceeding once the bankruptcy court resolves his objections. *Cf. Quackenbush*, 517 U.S. at 714 (order remanding case to state court was unreviewable on appeal because the federal court disassociate[d] itself from the case entirely, retaining nothing of the matter on [its] docket," and the remand order would "not be subsumed in any other appealable order"). McIntyre insists we should review the dismissal of his state-law claims now because the bankruptcy court *may* be bound by the state court's findings, and thus its role in adjudicating his objections is "illusory." Aplt. Opening Br. at 22; *see also* Reply Br. at 3 (arguing the bankruptcy court will be bound by state court's findings, "leav[ing] nothing of substance or significance for the bankruptcy court to rule on"). But the preclusive effect, if any, of the state court's actions has not yet been resolved and should be left for the bankruptcy court in the first instance when it takes up his objections. Our inquiry is whether dismissal of the state-law claims is reviewable upon final disposition of the adversary proceeding. Because it is, the collateral-order doctrine is inapplicable.

*C. Interlocutory Review*

Alternatively, McIntyre contends the BAP should have granted interlocutory review of his appeal under 28 U.S.C. § 158(a)(3). *See id.* § 158(b)(1) (authorizing the BAP to hear appeals from interlocutory orders under § 158(a)(3) "with leave of the court"). The BAP's refusal to grant interlocutory review, however, is itself contained in a nonfinal order, so § 158(d)(1) provides no basis for our jurisdiction. We note that "[a] party may pursue an interlocutory appeal of an order under § 158(d)(2) if the . . . BAP certifies the order as one involving a matter of public importance or on which there is no controlling decision of the court of appeals," *Crow*, 987 F.3d at 918. But the BAP rendered no such certification. And McIntyre fails to cite any other jurisdictional basis for our review of the BAP decision denying interlocutory review. Thus, we lack jurisdiction to consider that denial.

III

We dismiss this appeal for want of jurisdiction.

Entered for the Court

Harris L Hartz
Circuit Judge
