**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

---

FRANK WILLIAM MCINTYRE,

Debtor.

------------------------------

FRANK WILLIAM MCINTYRE,

Plaintiff - Appellant,

v.

ACTIVE ENERGIES SOLAR, LLC;
JASON WEINGAST; RICHARD
CLUBINE,

Defendants - Appellees.

No. 23-1052
(BAP No. 22-004-CO)
(Bankruptcy Appellate Panel)

---

### ORDER AND JUDGMENT[*]

---

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

---

In his Chapter 13 bankruptcy case, Frank William McIntyre filed an adversary

proceeding raising several state-law claims and objecting to a proof of claim. The

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bankruptcy court abstained from hearing the claims and the objections. The Bankruptcy Appellate Panel affirmed. We lack jurisdiction to review the bankruptcy court's decisions to abstain, so we dismiss the parts of this appeal challenging those decisions. We otherwise affirm.

## I. Background

Mr. McIntyre and his company worked with another company, Active Energies Solar, to sell and install solar-energy systems. Mr. McIntyre's relationship with Active Energies soured after the company came under new ownership. Mr. McIntyre claims that Active Energies withheld his commission for a project and later reneged on an offer to settle the commission dispute.

Based on these allegations, Mr. McIntyre sued Active Energies, its new owner, and its former vice president in a Colorado state court. The state court dismissed some (but not all) of the claims, and it awarded attorney's fees to Active Energies and its owner.

With the state lawsuit still pending, Mr. McIntyre filed this Chapter 13 bankruptcy case. He filed an adversary proceeding against Active Energies, its owner, and its former vice president, raising the same claims he had presented in state court. He also objected to Active Energies' proof of claim, which was based on the state court's award of attorney's fees.

The district court concluded it lacked jurisdiction to hear Mr. McIntyre's state-law claims. Even if it had jurisdiction over the claims, the court alternatively held, it would exercise its discretion to abstain from hearing them, *see* 28 U.S.C.

2

§ 1334(c)(1). And so it dismissed the state-law claims. Although it initially held the claim objections in abeyance, it ultimately dismissed the objections too, finding that they were "simply a re-assertion of the claims" it had "already abstained from hearing and would be more appropriately adjudicated through state appellate channels." R. at 308–09.

The Bankruptcy Appellate Panel affirmed. Although it held that the bankruptcy court erred when it decided that it lacked jurisdiction over Mr. McIntyre's state-law claims, it found the error to be harmless because the bankruptcy court acted within its discretion when it alternatively opted to abstain from hearing the claims.

## II. Discussion

In an appeal from the Bankruptcy Appellate Panel, we independently review the underlying decision from the bankruptcy court. *Montoya v. Goldstein (In re Chuza Oil Co.)*, 88 F.4th 849, 854 (10th Cir. 2023).

Mr. McIntyre represents himself. We typically construe a pro se party's filings liberally. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). That is because the typical pro se litigant lacks legal training and "is unskilled in the law." 5 Charles Alan Wright et al., Federal Practice and Procedure § 1286 (4th ed. Apr. 2023 update). Given the reason behind our practice, we have withheld the courtesy of a liberal construction from licensed attorneys appearing pro se. *See, e.g.*, *Mann*, 477 F.3d at 1148 n.4. Mr. McIntyre used to be a licensed attorney, but he has been disbarred. Because he has legal training, we will not afford his filings the

3

liberal construction typically extended to pro se litigants. And even if we liberally construed his filings, the outcome of this appeal would remain the same.

We lack jurisdiction to review the bankruptcy court's permissive abstention. *See* § 1334(d). We therefore dismiss Mr. McIntyre's challenge to the bankruptcy court's decisions to abstain from hearing his state-law claims and his claim objections.

We may, however, consider Mr. McIntyre's argument that the bankruptcy court lacked any authority to abstain because it had (through the district court) exclusive jurisdiction over his claims. *See Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1217 (10th Cir. 2008). "Jurisdiction is a question of law we review de novo." *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084, 1085 (10th Cir. 1994).

Mr. McIntyre's argument lacks merit. The bankruptcy courts derive their jurisdiction from the district courts. *See* 28 U.S.C. § 157. The district courts have "original and exclusive jurisdiction of all cases under title 11," and they have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(a), (b). We agree with the Bankruptcy Appellate Panel that Mr. McIntyre's claims were related to his bankruptcy case. *See Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (per curiam) (recognizing that a proceeding is related to a bankruptcy case if its outcome could conceivably have any effect on the bankruptcy

estate).  For that reason, the bankruptcy court had "original but not exclusive jurisdiction" over them.  § 1334(b).

Yet Mr. McIntyre contends that the bankruptcy court had exclusive jurisdiction over his claims because the district court had exclusive jurisdiction over all of his property and the property of the estate (including the claims themselves). *See* § 1334(e)(1).  This argument treats "two conceptually distinct jurisdictional grants" as if they were the same. *Valley Hist. Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir. 2007).  Section 1334(b) "invests district courts with original but not exclusive jurisdiction over civil proceedings.  In contrast, § 1334(e) is a broad grant of exclusive jurisdiction over a debtor's property; it does not invest district courts with jurisdiction to conduct civil proceedings." *Id.* (internal quotation marks omitted).  In other words, § 1334(b) governs the bankruptcy court's jurisdiction to hear Mr. McIntyre's claims.  And that section is clear:  The bankruptcy court's jurisdiction was not exclusive.

*Hafen v. Adams (In re Hafen)* does not suggest otherwise.  Mr. McIntyre highlights language in *Hafen* saying, for example, that "jurisdiction to determine what is property of the bankruptcy estate lies exclusively with the bankruptcy court." 616 B.R. 570, 578 (B.A.P. 10th Cir. 2020).  But *Hafen* did not address a bankruptcy court's jurisdiction to hear civil proceedings.  *Hafen* held that the bankruptcy court had exclusive jurisdiction to decide who had standing to pursue causes of action that had been filed in state court because the standing question turned on whether the causes of action belonged to the estate. *Id.* at 578–80.  *Hafen* says nothing about

whether the bankruptcy court had exclusive jurisdiction to adjudicate those causes of action.

To the extent Mr. McIntyre argues that the bankruptcy court could not abstain from hearing his claims or his claim objections because they were core proceedings, he is mistaken. Section 1334(c)(1), the provision authorizing permissive abstention, "applies to core matters as well as to related matters." 1 Collier on Bankruptcy ¶ 3.05[1] (16th ed. 2023).

Before concluding, we note two arguments that Mr. McIntyre alludes to but has waived. In his statement of the issues, he asserts that the bankruptcy court abused its discretion by lifting the automatic stay, *see* 11 U.S.C. § 362. But his opening brief never develops an argument addressing the automatic stay, so he has waived any such argument. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). In his reply brief, he asserts that the bankruptcy court did not abstain from hearing his claim objections but instead entered "a sua sponte 12(b)(5) dismissal of the objections." Aplt. Reply Br. at 3. But he "waived this contention by waiting to present it for the first time in his reply brief." *White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017). And even if it had appeared in his opening brief, the stray sentence disputing that the bankruptcy court abstained from hearing the objections would not have adequately presented the issue for our review. *See Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015).

6

III.  Disposition

We dismiss Mr. McIntyre's challenges to the bankruptcy court's permissive abstention.  We otherwise affirm.

Entered for the Court

Allison H. Eid
Circuit Judge