FILED
United States Court of Appeals
Tenth Circuit

August 2, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: FRANK MCINTYRE,

Debtor.

------------------------------

FRANK MCINTYRE,

     Plaintiff - Appellant,

v.

DENNIS FANGMAN; DAVID
MCCONAUGHY; KEN OLSON; SOL
ENERGY, LLC; CHARLES WILLMAN,

     Defendants - Appellees.

No. 23-1048
(BAP No. 22-003-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

When Frank McIntyre filed this Chapter 13 bankruptcy case, he was involved

in ongoing litigation in a Colorado court over a disputed business deal.  He filed an

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adversary proceeding in his bankruptcy case raising claims similar to ones he had raised in the state-court litigation.  The bankruptcy court exercised its discretion to abstain from hearing Mr. McIntyre's claims in the adversary proceeding and denied his motion to amend the adversary complaint.  It also granted the defendants relief from the automatic stay so that the state-court litigation could proceed.

The Bankruptcy Appellate Panel affirmed, and Mr. McIntyre now appeals to us.  We lack jurisdiction to review the bankruptcy court's decisions to abstain, so we dismiss the parts of this appeal challenging those decisions.  And we dismiss as moot Mr. McIntyre's challenges to the rulings granting relief from the automatic stay.  We otherwise affirm.

## I.  Background

Mr. McIntyre and his company worked with another company, Sol Energy, to install a solar-energy system for a client named Dennis Fangman.  Mr. McIntyre and Sol Energy ultimately made competing demands to Mr. Fangman for payment.

Faced with these competing demands, Mr. Fangman filed an interpleader action in a Colorado state court and deposited in the state court's registry money he admitted he owed for the solar project (about $48,000).[1]  The interpleader complaint named Mr. McIntyre, his company, Sol Energy, and others as defendants.

---

[1] An interpleader action is a "suit to determine a right to property held by a [usually] disinterested third party . . . who is in doubt about ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership."  *Interpleader*, Black's Law Dictionary (11th ed. 2019).

2

Mr. McIntyre filed several counterclaims and crossclaims against Sol Energy, its owner, and Mr. Fangman.

With the interpleader action still pending in state court, Mr. McIntyre filed this Chapter 13 bankruptcy case.  He then filed an adversary proceeding raising several state-law claims against Sol Energy, its owner, Mr. Fangman, and others.  His adversary complaint also objected to any proofs of claims from Sol Energy and its owner.  He later sought to amend his complaint to add a claim against all defendants under 42 U.S.C. § 1983.

The bankruptcy court dismissed the state-law claims.  It concluded that it lacked jurisdiction over them.  And even if it had jurisdiction over the claims, the bankruptcy court decided, it would exercise its discretion to abstain from hearing them, *see* 28 U.S.C. § 1334(c)(1).  The bankruptcy court held in abeyance Mr. McIntyre's claim objections.  And it denied his motion to amend.

The parties soon filed several motions, prompting another order.  The bankruptcy court reaffirmed its decision to abstain from hearing Mr. McIntyre's state-law claims.  And it stood by its decision to deny his motion to amend, concluding that the proposed amendment would be futile because Mr. McIntyre failed to state a claim under § 1983.

In the same order, the bankruptcy court addressed the automatic stay, *see* 11 U.S.C. § 362(a).[2]  The bankruptcy court clarified that the defendants had relief

---

[2] An "automatic consequence of the filing of a bankruptcy petition is that, with certain exceptions, the petition 'operates as a stay, applicable to all entities,' of

from the automatic stay to liquidate prepetition claims against Mr. McIntyre but not "to collect upon any judgment entered by the State Court with respect to pre-petition claims." R. vol. 5 at 2075.

The state court eventually released the interpleaded funds to Mr. Fangman and Sol Energy's owner. But the state court ordered them to return the funds after Mr. McIntyre asserted that releasing the funds had violated the bankruptcy court's order addressing the automatic stay. The bankruptcy court responded with an order clarifying that the automatic stay did not prevent the state court from releasing the interpleaded funds.

The bankruptcy court later revisited Mr. McIntyre's claim objections, the only issue remaining in the adversary complaint. Concluding that the objections simply reasserted the state-law claims that it had already abstained from hearing, the bankruptcy court dismissed the objections too.

The Bankruptcy Appellate Panel affirmed. Although it held that the bankruptcy court erred when it decided that it lacked jurisdiction over Mr. McIntyre's state-law claims, it found the error to be harmless because the bankruptcy court acted within its discretion when it alternatively opted to abstain from hearing the claims. And the Bankruptcy Appellate Panel saw no other error in the bankruptcy court's rulings.

---

efforts to collect from the debtor outside of the bankruptcy forum." *City of Chicago v. Fulton*, 592 U.S. 154, 156 (2021) (quoting § 362(a)).

4

## II. Discussion

In an appeal from the Bankruptcy Appellate Panel, we independently review the underlying decision from the bankruptcy court. *Montoya v. Goldstein (In re Chuza Oil Co.)*, 88 F.4th 849, 854 (10th Cir. 2023).

Mr. McIntyre represents himself. We typically construe a pro se party's filings liberally. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). That is because the typical pro se litigant lacks legal training and "is unskilled in the law." 5 Charles Alan Wright et al., Federal Practice and Procedure § 1286 (4th ed. Apr. 2023 update). Given the reason behind the practice, we have withheld the courtesy of a liberal construction from licensed attorneys appearing pro se. *See, e.g.*, *Mann*, 477 F.3d at 1148 n.4. Mr. McIntyre used to be a licensed attorney, but he has been disbarred. Because he has legal training, we will not afford his filings the liberal construction typically extended to pro se litigants. And even if we liberally construed his filings, the outcome of this appeal would remain the same.

Mr. McIntyre raises many arguments in his sixty-nine-page opening brief. We address only those issues necessary to resolve this appeal.

### A. Abstention

We lack jurisdiction to review the bankruptcy court's permissive abstention. *See* § 1334(d). We therefore dismiss Mr. McIntyre's challenges to the bankruptcy court's decisions to abstain from hearing his state-law claims and his claim objections.

5

We may, however, consider Mr. McIntyre's argument that the bankruptcy court lacked any authority to abstain because it had (through the district court) exclusive jurisdiction over his claims. *See Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1217 (10th Cir. 2008). "Jurisdiction is a question of law we review de novo." *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084, 1085 (10th Cir. 1994).

Mr. McIntyre's argument lacks merit. The bankruptcy courts derive their jurisdiction from the district courts. *See* 28 U.S.C. § 157. The district courts have "original and exclusive jurisdiction of all cases under title 11," and they have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(a), (b). We agree with the Bankruptcy Appellate Panel that Mr. McIntyre's claims were related to his bankruptcy case. *See Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (per curiam) (recognizing that related proceedings are civil proceedings in which the outcome could conceivably have any effect on the bankruptcy estate). For that reason, the bankruptcy court had "original but not exclusive jurisdiction" over them. § 1334(b).

Mr. McIntyre sees things differently. He thinks the bankruptcy court had exclusive jurisdiction over his claims because the district court had exclusive jurisdiction over his property and the property of the estate. *See* § 1334(e)(1). This argument treats "two conceptually distinct jurisdictional grants" as if they were the same. *Valley Hist. Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 837 (4th Cir.

6

2007).  Section 1334(b) "invests district courts with original but not exclusive jurisdiction over civil proceedings.  In contrast, § 1334(e) is a broad grant of exclusive jurisdiction over a debtor's property; it does not invest district courts with jurisdiction to conduct civil proceedings." *Id.* (internal quotation marks omitted).  In other words, § 1334(b) governs the bankruptcy court's jurisdiction to hear Mr. McIntyre's claims.  And that section is clear:  The bankruptcy court's jurisdiction was not exclusive.

*Hafen v. Adams (In re Hafen)* does not suggest otherwise.  Mr. McIntyre highlights language in *Hafen* saying, for example, that "jurisdiction to determine what is property of the bankruptcy estate lies exclusively with the bankruptcy court." 616 B.R. 570, 578 (B.A.P. 10th Cir. 2020).  But *Hafen* did not address a bankruptcy court's jurisdiction to hear civil proceedings.  *Hafen* held that the bankruptcy court had exclusive jurisdiction to decide who had standing to pursue causes of action that had been filed in state court because the standing question turned on whether the causes of action belonged to the estate.  *Id.* at 578–80.  *Hafen* says nothing about whether the bankruptcy court had exclusive jurisdiction to adjudicate those causes of action.

To the extent Mr. McIntyre argues that the bankruptcy court could not abstain from hearing his claims or his claim objections because they were core proceedings, he is mistaken.  Section 1334(c)(1), the provision authorizing permissive abstention, "applies to core matters as well as to related matters."  1 Collier on Bankruptcy ¶ 3.05[1] (16th ed. 2023).

B.  Relief from the Automatic Stay

Mr. McIntyre makes several arguments targeting the bankruptcy court's orders (1) granting relief from the automatic stay so that the defendants could liquidate prepetition claims in the state-court litigation and (2) allowing the state court to release the interpleaded funds.

These arguments are moot.  The state trial court entered final judgment in the interpleader action, and the state appellate process has concluded.  So it is too late to prevent the state court from entering judgment or releasing the interpleaded funds. And we cannot "nullify retroactively a validly entered state court judgment" to grant the relief that Mr. McIntyre appears to seek—an order directing the prevailing parties in state court to return the interpleaded funds.  *In re Highway Truck Drivers & Helpers Loc. Union No. 107*, 888 F.2d 293, 299 (3d Cir. 1989) (finding moot an appeal from an order granting relief from the automatic stay based on a state court's having entered judgment).

The law-of-the-case doctrine does not prevent our mootness decision.  Arguing otherwise, Mr. McIntyre points to our statement in an earlier appeal that "dismissal of the state-law claims" would be "reviewable upon final disposition of the adversary proceeding."  *McIntyre v. Fangman (In re McIntyre)*, 857 F. App'x 980, 985 (10th Cir. 2021).  "The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Musacchio v. United States*, 577 U.S. 237,

244–45 (2016) (internal quotation marks omitted). The doctrine does not apply here because our prior decision did not address the mootness issue now before us.

## C. Motion to Amend

Courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* Fed. R. Bankr. P. 7015. But a court may deny leave if an amendment would be futile. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101–02 (10th Cir. 2019). An amendment would be futile if it would not prevent the complaint from being dismissed. *See Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). A complaint will be dismissed if it fails to state a plausible claim to relief. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1748 (2023).

We review the denial of leave to amend for an abuse of discretion. *Fields*, 753 F.3d at 1012. But if the court denied leave because it found that amendment would have been futile, our review for an abuse of discretion includes de novo review of the legal basis for the futility finding. *See id.*

Mr. McIntyre sought to add a § 1983 claim against private parties and their attorneys for conduct related to the state interpleader action. He alleged that the defendants abused the state interpleader process to deprive him of property. He claimed, for example, that some defendants made false statements to the state court and that others made no effort to refute those false statements.

Section 1983 "protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024). And so to state a § 1983

claim based on the conduct of private individuals, Mr. McIntyre had to allege facts showing that the conduct was "fairly attributable to the state." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (internal quotation marks omitted). Conduct may be fairly attributed to the state only if "the party charged with the deprivation" is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).[3] It appears Mr. McIntyre tried to satisfy that requirement by alleging that the "state court knowingly went along" with the defendants' alleged abuse of the interpleader process by, for example, "refusing to conduct an evidentiary hearing to determine whether the Interpleader was necessary." R. vol. 3 at 1106.

Mr. McIntyre failed to allege facts showing state action for his § 1983 claim. The judge's adverse rulings in the interpleader action did not make state action out of the conduct of private parties to the case. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (recognizing that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge").

---

[3] In addition to the state-actor requirement, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. We need not consider this separate requirement because Mr. McIntyre failed to allege facts satisfying the state-actor requirement.

III.  Disposition

We dismiss Mr. McIntyre's challenges to the bankruptcy court's permissive abstention and the rulings granting relief from the automatic stay.  We otherwise affirm.  We grant Mr. McIntyre's motion for an extension of time to file hard copies of his supplemental brief.

Entered for the Court


Allison H. Eid
Circuit Judge